H. H. RIDDLE AND WIFE v. TOWN OF GERMANTON.

*Trial — Evidence — Maps — Presumption on Appeal — Motion for Judgment Non Obstante Veredicto.*

1. A map is not admissible in evidence except for the purpose of explaining the testimony of a witness and to enable the jury to understand it.

2. Where, in the trial of an action, a map was introduced and admitted under objection and neither the case on appeal nor the record shows for what purpose it was introduced nor on what ground the objection was placed, and the complaint specifically describes and locates the land, it will be presumed that the map was introduced in explanation of preceding testimony, and not to locate the land.

3. A motion for judgment *non obstante veredicto* will not be allowed unless the cause of action is admitted and the plea of avoidance is found insufficient.

ACTION of ejectment, tried at Fall Term, 1895, of STOKES Superior Court, before *Bryan, J.,* and a jury. There was verdict for the defendant, and from the judgment thereon plaintiffs appealed. The facts appear in the opinion of Chief Justice FAIRCLOTH.

*Messrs. J. T. Morehead* and *A. M. Stack,* for plaintiffs (appellants).

*Messrs. Jones & Patterson,* for defendant.

FAIRCLOTH, C J. : The plaintiff brought this action for possession of a lot of land, 20 by 314 feet, in the defendant town, which was covered by a street, with the usual allegations of title and wrongful holding by the defendant.

These allegations were denied, and the defendant further averred that the *locus* had been dedicated to the town as a street in 1885 by the plaintiff's grantor, who conveyed to plaintiff in 1888, the street then being laid out and in use by the town and the public. The issue submitted without objection was whether the lot in controversy had been dedicated to the use of the town as a public street, to which the jury responded "yes." The evidence as to the dedication was conflicting. The defendant introduced evidence showing that the street was laid out, opened and accepted by the defendant and had been in use since 1885, and that plaintiff's grantor declined to accept any damages when the street was laid out.

The defendant offered in evidence a town map showing the new street and another street. Plaintiff objected to the introduction of the map in evidence, which objection was overruled and defendant excepted. Neither the record nor the "case" shows for what purpose the map was introduced, nor on what ground the objection was placed. A survey for the owner's convenience is not admissible evidence for him or those claiming under him. *Jones* v. *Huggins*, 1 Dev., 223. But it is competent to explain the testimony of the witness and to enable the jury to understand it. So with diagrams and plats. *Dobson* v. *Whisenhunt*, 101 N. C., 645 ; *State* v. *Whiteacre*, 98 N. C., 753. As we are not informed for what purpose the map was introduced, we must assume that it was in explanation of the preceding evidence, and not for locating the lot, as that was specifically done by the complaint.

The plaintiff after verdict moved for judgment *non obstante veredicto*. This could not be allowed unless the cause of action had been admitted and the plea of avoidance had been found insufficient. The facts are otherwise in this case. *Moye* v. *Petway*, 76 N. C., 327 ; *Walker* v. *Scott*, 106 N. C., 62.

No Error.