The first exception for permitting the use of the map can not be sustained as it was admitted merely to explain the witness's testimony, and as a part thereof. Riddle v. Germanton, 117 N.C. 387, and cases cited;Tankard v. R. R., ibid., 558.
The Court instructed the jury that if they found from the evidence "that this was a public passway, as heretofore defined, and that the engineer, by reason of the curve in the road and the obstruction of the smokestack, could not keep a proper lookout for persons on the track, and that the fireman could have done so, then it would have been the duty of the defendant to have had this fireman to have assisted this engineer in keeping this outlook." And also: "What might be ordinary care under certain circumstances might not be ordinary care under other circumstances; and if you should find from the evidence, under the rules to be hereinafter given you, that the public were in the habit of using the railroad track at that point of the accident as a passway, then a greater degree of care would be required of the defendant in running its trains at this point than the defendant would have exercised in running its trains along the track where the public had not been habitually permitted to use the track as a passway. All that the defendant is required to do is to use ordinary care under the circumstances of the case, and in determining whether the defendant was negligent, (631) as alleged in the complaint, you must first ascertain what duty, if any, it owed the plaintiff's intestate at the time of the alleged killing and if it owed a duty, whether or not it failed to perform that duty." *Page 400 
The above paragraphs of the charge are excepted to, but without cause. There was ample evidence to go to the jury tending to show that the track was used habitually as a passway, and in telling the jury that if they found such to be the fact the defendant should observe a greater degree of care than in running its trains where the track was not so used, the court was stating almost a truism. In moving trains through a crowded city, it must be at a lower speed, with much greater control over the engine and keener lookout kept in front, than in going along a straight track in an open and almost uninhabited country, and the court properly told the jury that the amount of care depended upon the circumstances of the case. So, on a straight track, the careful lookout of the engineer would ordinarily be sufficient, but on a winding mountain track, turning first to the right, then to the left, if the engineer could not see the track when the engine turned to the left, then it was his duty to have the fireman to look out forward on that side. The duty of keeping the lookout is on the defendant. If it can keep a proper lookout by means of the engineer alone, well and good. If by any reason a proper lookout can not be kept without the aid of the fireman, he should also be used. If by reason of their duties, either the fireman or the engineer, or both, are so hindered that a proper lookout can not be kept, then it is the duty of the defendant, at such places on its road, to have a third man employed for that indispensable duty. In Pickettv. R. R., 117 N.C. 634; Lloyd v. R. R., 118 N.C. 1012, and a long line of similar cases, it is held that it is the duty of the defendant to (632) keep a proper lookout. It is not held anywhere that such lookout as the engineer may be incidentally able to give, will relieve the company, if that lookout is not a proper lookout.
The other exceptions do not require consideration. Similar exceptions have heretofore been before the Court, and held to be without merit. The evidence of three witnesses who went to the place where the intestate was struck, and on a dark night (such as that on which the intestate was killed), made observations of the light cast by one of defendant's engines with an oil headlight, such as all the engines of defendant used, was competent to go to the jury for what it was worth. It was not necessary on such matters of fact, depending on ordinary powers of observation requiring no special training, that the witnesses should be experts. It was also competent for the jury to consider the testimony of the engineer that he could have seen the intestate, and did not see him when it was his duty to have seen him. Powell v. R. R., 125 N.C. 370.
The defendant's prayer was given in substance in the charge with the exception that the court told the jury that if the intestate was killed on a point of the road where the public were in the habit of using it *Page 401 
with the knowledge and implied consent of the defendant, and on a curve which kept the engineer from seeing the track, but the fireman could have done so in time to have stopped the train and prevented the injury without endangering the persons on the train, it was the duty of the fireman to have kept the outlook. In this modification there was no error as already stated. If the track was habitually used by the public to the knowledge of the company, of which there was evidence, it would not have decreased the latter's duty to look out if such use had not been so long continued and acquiesced in as to amount to implied consent. Requiring implied consent to the use of the track, as well as knowledge of its habitual use by the public as a precedent condition (633) to the defendant's using the lookout, was an error against the plaintiff. Consent, express or implied, would have lessened the liability of the deceased for contributory negligence, but the jury having found that issue against the plaintiff, the sole question is (the third issue), whether "Notwithstanding the negligence of the plaintiff's intestate, could the defendant by the exercise of ordinary care, have avoided the killing of the intestate?"
The railroad track is for the exclusive use of the company. It pays for its construction, and has from the State, by virtue of a grant under the State's right of eminent domain, power to condemn from private owners the right of way "for public uses, "but that use is to be exclusive in itself, subject of course to public regulation and control in its use. Others have no right to use the track, and when they do so they are guilty of contributory negligence, unless they have permission, express or implied, from the company. The discussion whether the intestate was a licensee or atrespasser has no bearing upon this appeal by the defendant, for the jury found on the second issue that the intestate, whether he was licensee or trespasser, was wrongfully on the track, i. e., that he was guilty of contributory negligence. If he was a licensee, nay, more, if he had had an express permit to walk on the track, he certainly had no permission to lie down on the track, and the jury found that issue against the plaintiff.
But, notwithstanding a human being is down helpless on the track, and is there in his own wrong, the railroad company acquires no right to run over and kill him for his foolhardiness if by ordinary care it can be avoided. Even a cow or a hog does not forfeit its life under such circumstances, if the company's servants can by ordinary care avoid killing. If, on this occasion, by reasonable, ordinary care, (634) in keeping a lookout on both sides of a winding mountain road, whose curves would sometimes obscure the track from the sight of the engineer on the right hand side of the engine, and did so obscure it at the point where the deceased was killed, and such defective lookout *Page 402 
caused the killing which might otherwise have been prevented, then, notwithstanding the negligence of the deceased, the defective lookout kept by the defendant was the proximate cause of the death. Such the jury found to be the fact in this case.
Affirmed.
Cited: Burney v. Allen, 127 N.C. 479; Upton v. R. R., 128 N.C. 176;Whitesides v. R. R., ibid., 231, 234; Jeffries v. R. R., 129 N.C. 241;McCall v. R. R., ibid., 300; Bogan v. R. R., ibid., 157; Cogdell v. R. R.,130 N.C. 325; Lassiter v. R. R., 133 N.C. 248; S. c., 137 N.C. 151;Stewart v. R. R., ibid., 693; Britt v. R. R., 148 N.C. 40; Thompson v. R.R., 149 N.C. 157; Strickland v. R. R., 150 N.C. 10; Farris v. R. R.,151 N.C. 491; Edge v. R. R., 153 N.C. 215, 217; Exum v. R. R., 154 N.C. 417;Guilford v. R. R., ibid., 608; Boney v. R. R., 155 N.C. 113;Holman v. R. R., 159 N.C. 46; Smith v. R. R., 162 N.C. 33; Shepherd v.R. R., 163 N.C. 521; McNeill v. R. R., 167 N.C. 400; Gray v. R. R.,ibid., 436; S. v. Rogers, 168 N.C. 114; Treadwell v. R. R., 169 N.C. 701;Hill v. R. R., 169 N.C. 743; Hopkins v. R. R., 170 N.C. 487, 489;Horne v. R. R., ibid., 652; Brown v. Power Co., 171 N.C. 558.