MATTIE BELLE MOORE, ADMX. OF W. T. MOORE, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 17 October, 1923.)

1. **Railroads—Employer and Employee—Negligence—Contributory Negligence—Assumption of Risks.**

   It is sufficient evidence of defendant railroad company's negligence to refuse a motion as of nonsuit which tends to show that the plaintiff's intestate was seen absorbed in his duty of conductor of a freight train, standing on the end of a sill of the railroad track busily checking the cars of his train, and was run over and killed by an extra passing along that track, in full view of the engineer and fireman on the extra, who saw him in sufficient time, and who approached without signal or warn-

ing, either upon the issue of defendant's actionable negligence, the intestate's contributory negligence, or assumption of risks; and the fact that the locomotive just before the killing obstructed the view of the engineer does not vary the result, as to the defendant's negligence. See *S. c.,* 185 N. C., 189.

2. Same—Commerce—Federal Employers' Liability Act — Negligence — Nonsuit.

Under the Federal Employers' Liability Act for injuries inflicted upon railroad employees by the railroad company while engaged in interstate commerce, the rule of comparative negligence in awarding damages applies, and the contributory negligence of the intestate does not bar his recovery if the railroad is negligent in producing his death.

APPEAL by defendant from *Devin, J.,* at April Term, 1923, of CUM-BERLAND.

This case was before us at last term (*Moore v. R. R.,* 185 N. C., 189), when the nonsuit which had been appealed from was reversed. On this trial the facts seem to be identical in every particular, and the former case is herein referred to for a fuller statement of the facts. On this trial the defendant made again a motion for nonsuit, and a refusal thereof is the sole assignment of error. Verdict and judgment for plaintiff. Appeal by defendant.

*Dye & Clark for plaintiff.*
*Rose & Rose for defendant.*

CLARK, C. J. The appeal being from the refusal of a nonsuit, the evidence must be taken in the aspect and with the most favorable inferences therefrom reasonably to be drawn in favor of the plaintiff.

According to the evidence thus viewed, the deceased, who was in charge of the defendant's local freight train between Fayetteville and Smithfield, was run over and killed by a northbound extra, consisting of locomotive and caboose, while standing about 500 yards north of the station, on the end of the cross-ties on the west side of the northbound main-line track. He was standing there in order to get a proper view of the cars as they came out of the spur-track, so that he could check off the same, and was deeply engrossed and absorbed in studying a paper, on which was written a list of the cars to be shifted, and while the engine of his own train was close by, engaged in shifting these cars to the west side, in which direction he was facing. The list contained divers cars which were to be shifted around, some of them bearing numbers carrying five figures. While thus engaged, about 4 o'clock in the afternoon, the engineer of the extra had a clear view of him for four or five hundred yards, but he blew his whistle only once, which was at the crossing of the other railroad track at that point south of the station.

We have already discussed this evidence on the former trial, and in a unanimous opinion we then held that the evidence of negligence was sufficient to carry the case to the jury, and they have in this trial returned a verdict in favor of the plaintiff.

In addition to the evidence above recited, it also appeared that the deceased, while standing on the ends of the cross-ties on the west side of the track, had his back, partly at least, towards the extra, whose engineer could have seen him (and could tell which track he was on) for four hundred yards, until he got so close that the view was obstructed by his own locomotive; but even that did not relieve the defendant of the duty to keep a lookout on the left side, where the fireman sits (*Arrowood v. R. R.,* 126 N. C., 631), and the fireman testified, indeed, that he saw him.

Before the view was shut off, the engineer of the extra not only could have seen that deceased was deeply engrossed, but he could have heard the other engineer give the four short blasts on his whistle and seen that Moore, without looking up, gave him a signal. The engineer of the extra could also have seen that the engineer of the train, under the orders of the deceased, did not move his train back and drop a car in the clear in response to that order. Yet, with this knowledge, the engineer of the extra neither blew the danger signal on the extra nor slackened his speed. He had only given the crossing blow 500 yards away. There is no evidence that the bell was ringing on the extra, which was running light at a speed of thirty to thirty-five miles an hour past the station and in the yard at Smithfield, where persons were expected to be, and where the local freight could be seen by the engineer, Bishop, and his fireman for several hundred yards. Having passed the caboose near the tank, they knew the freight crew were engaged in shifting near a point which the extra would have to pass.

As said in the former opinion, "The whistle cord was in reach of the hand of the engineer of the extra; the bell cord was close to the fireman; yet they took a chance with another man's life, and lost."

The only difference on this appeal is that, under the instruction of the court, the jury found, in answer to the fourth issue, that the intestate at the time of the injury was engaged in interstate commerce, and the recovery is under the terms of the Federal Employers' Liability Act. Under this, as under the State act, if there was negligence on the part of the defendant, contributory negligence of the deceased does not bar a recovery, but only diminishes the damages in proportion to the amount of negligence attributable to such an employee. Under both State and Federal act, when there is no negligence on the part of the master, but the injury is solely the result of the employee's negligence, there can be no recovery. The proper issues of fact on this proposition were left to

the jury, who found that the defendant was negligent; that the deceased was guilty of contributory negligence; that upon the facts as the jury found them, the plaintiff's intestate did not assume the risk of being killed in the way and manner in which he was killed, and assessed the damages to the widow and each of the three children separately, as required by the Federal statute.

There is no assignment of error for exceptions to evidence or to the charge, except that the court refused to charge that "if the jury found the facts as testified to by all the witnesses, they should answer the first issue 'No.'"

In the former opinion the court cited authorities, which we need not repeat, and to which many others could be added, that there is a clearly recognized distinction "between the presumption which arises when a person in the apparent possession of all his faculties is seen walking on the track, and the duty owed to one of the railroad employees who is absorbed and engrossed in his work, as is the evidence in this case."

In this case there was evidence that the engineer of the extra, Bishop, first saw the deceased 350 yards, or farther, away, and that up to the time the fireman, Lamb, says he saw him 75 yards away, the deceased had not changed his position nor looked up from the paper which they saw was engrossing his attention. According to his own statement, Bishop could have stopped his extra in 200 yards, and at any time within that 350 yards he could have given the danger signal with his whistle, and Moore would have realized instantly that it was not the whistle of the locomotive attached to his own train, though deeply engrossed.

It should have been apparent to the engineer of the extra that the deceased was deeply engrossed by his work, and this should have been the more apparent to the engineer of the extra by the efforts made to attract his attention by the engineer of the shifting train and others near him. Yet the engineer of that extra, running at the rate of thirty-five miles an hour at a railroad crossing and through the yards where the engrossing work of shifting was going on, was guilty of a recklessness which could not have been anticipated and was not assumed by the deceased.

Railroad companies cannot speculate upon the chances of its warning signals being heard by persons on its track, and excuse its omission to give them upon the ground that they would have been ineffectual. *R. R. v. St. John,* 73 Am. Dec., 149.

The defendant places his entire case upon the contention that the plaintiff's intestate being engaged in interstate commerce, that there is no liability under the Federal decisions, and that the court should have sustained its motion to nonsuit or have directed a verdict in its favor.

On this proposition *R. R. v. Koennecke,* 239 U. S., 352, is exactly in point. In that case, as in this, the deceased was run over by a train while acting as switchman in the defendant's yards, and the Court said: "It would be impossible to take the case from the jury on.the ground either that there was no negligence or that the deceased assumed the risk." This case is stronger for the plaintiff than the facts reported in that.

No error.