NAOMI WOODLEY GREEN v. WELLONS, INC., T/A ROSE MANOR SHOPPING CENTER

No. 8011SC705

(Filed 16 June 1981)

**Negligence § 57.10— rocks in front of shopping center—fall of patron— sufficiency of evidence**

> In an action by plaintiff to recover damages for personal injuries she sustained when she fell on rocks from defendant's rock garden which had become scattered on the sidewalk of defendant's shopping center, the trial court erred in granting summary judgment for defendant where plaintiff alleged that defendant breached its duty to maintain the premises in a reasonably safe condition and alleged breach of duty to warn of hidden danger or unsafe condition and that rocks remained on the sidewalk for so long a time that defendant knew or should have known of the danger they presented to customers; defendant's own evidentiary material contained testimony from which a jury could find that the unsafe condition had existed for such time that defendant should have known of it; the production of an at the scene experiment deposition, during which defendant forced plaintiff to place the object or objects over which she fell in the location in which she fell and then to trace and retrace her steps and actions on the day of the fall in an effort to elicit testimony that on the day of the experiment she could see the objects when she looked for them, did not automatically entitle defendant to summary judgment, as plaintiff continued to insist that she did not see the rocks on the day of her fall until it was too late for her to avoid falling on them; and defendant presented no evidence that reasonable, prudent persons would have acted differently from plaintiff under the circumstances.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 28 April 1980, in Superior Court, JOHNSTON County. Heard in the Court of Appeals 9 February 1981.

Plaintiff filed an action to recover damages for personal injuries she sustained on 29 July 1977 when she fell on rocks from defendant's rock garden which had become scattered on the sidewalk of defendant's shopping center in front of Woodall's Department Store. Plaintiff alleged defendant breached its duty as premises owner to business invitees in several respects, and that defendant's negligence proximately caused her injuries.

Defendant denied plaintiff's allegations of negligence and pleaded her contributory negligence as a bar to plaintiff's claim. Defendant filed a motion for summary judgment supported by plaintiff's deposition and the affidavit of an employee of Woodall's

Department Store. Plaintiff filed the affidavit of another Woodall employee in response.

In summary plaintiff's deposition reveals the following concerning the events on the day of her fall. On 29 July 1977 plaintiff drove to defendant's shopping center and parked her car near the entrance to Woodall's Department Store approximately nine feet from the edge of the sidewalk. Defendant maintained in front of the entrance to Woodall's Department Store a rock garden five feet wide and twenty-seven feet long which contained smooth, light colored pebbles and shrubbery. As plaintiff walked from her car to the sidewalk she looked at the window of Woodall's where she saw a sign advertising a sale. When she got to the curb of the sidewalk, she looked down and stepped up onto the sidewalk. She continued to look down at the sidewalk as she walked toward the store entrance. After she had walked approximately six feet on the sidewalk she slipped and fell. Plaintiff described the incident, stating

> When I got on the sidewalk, I looked down, I always look down. I did not see the rocks. I didn't see the rock [sic] until I was right on top of them.
>
> . . . .
>
> I was looking down as I walked toward the store. The reason I was looking down was I was afraid of falling. I wear glasses and as to whether it is necessary for me to look down, I have bifocals and I have to look. On the day of the accident, when I got up on the curb, I was looking the entire time down at the sidewalk as I walked toward the store. . . . As to why I was unable to see the rocks until right before I stepped on them, they were the color of the sidewalk, they just blended in and I just did not see them until my foot was right on them. I tried to avoid them and my foot slipped and that is why I fell. I tried to avoid the rock.

Plaintiff suffered a hip fracture which required extensive medical treatment.

Defendant offered the affidavit of Ricky Vann Tart, an employee of Woodall's who was not present on the day of plaintiff's fall. He testified that shopkeepers swept the sidewalks in front of their stores approximately three times per week.

Children occasionally sprinkled the stones from the garden on the sidewalk, and he would place them back in the garden. Tart "felt the rocks and the sidewalk were similar in color but said he personally never had trouble seeing the rocks which were sprinkled on the sidewalk." He did not know of previous accidents or complaints involving maintenance or condition of the sidewalk in front of Woodall's.

Plaintiff filed the affidavit of another Woodall employee, Dwayne Batten. He testified that the rocks in defendant's garden in front of Woodall's were "tannish in color, causing them to blend into the sidewalk and [to become] difficult to see." He remembered having seen the rocks on the sidewalk throughout the month of July, 1977. He swept the sidewalk about once a week at the request of his employer but did not remember sweeping it the week of plaintiff's fall. Batten "noticed rocks on the sidewalk almost every day and felt the placement of the very long garden directly in front of the store caused some people to walk through the garden instead of around it, thereby scattering the rocks on the sidewalk." He saw people walk through the garden almost every day and saw children play in the garden. Batten never saw an employee of defendant sweep the sidewalk.

The trial court granted summary judgment for defendant. Plaintiff appeals.

*Mast, Tew, Nall and Lucas, P.A., by George B. Mast, for plaintiff appellant.*

*Johnson, Patterson, Dilthy and Clay, by Ronald C. Dilthy and Alene M. Mercer, for defendant appellee.*

WHICHARD, Judge.

The sole question presented is whether the trial court erred in granting summary judgment for defendant. The courts of this jurisdiction have stated repeatedly that summary judgment rarely is appropriate in cases involving negligence or contributory negligence. *See Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972); *Gladstein v. South Square Assoc.*, 39 N.C. App. 171, 249 S.E. 2d 827 (1978) *review denied* 296 N.C. 736, 254 S.E. 2d 178 (1979); *Ballenger v. Crowell*, 38 N.C. App. 50, 247 S.E. 2d 287 (1978). In *Gladstein* the court stated, "The jury has generally been

recognized as being uniquely competent to apply the reasonable man standard. . . . Because of the peculiarly elusive nature of the term 'negligence', the jury generally should pass on the reasonableness of conduct in light of all the circumstances of the case." 39 N.C. App. at 174, 249 S.E. 2d at 829. *See also Page*, 281 N.C. at 706, 190 S.E. 2d at 194; *Durham v. Vine*, 40 N.C. App. 564, 253 S.E. 2d 316 (1979) (wherein the court admonished trial courts passing upon summary judgment in negligence cases to "remember that the purpose of summary judgment is not to provide a quick and easy method for clearing the docket").

The law places the burden on a movant for summary judgment to show (1) that no genuine issue of material fact exists, and (2) that the movant is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c); *Page*, 281 N.C. at 704, 190 S.E. 2d at 193. On motions for summary judgment, all pleadings, affidavits, answers to interrogatories, depositions, and other materials offered must be viewed in the light most favorable to the nonmovant. *Page*, 281 N.C. at 706, 190 S.E. 2d at 194. Once defendant moved for summary judgment, it had to establish, *first*, the absence of genuine issues of material fact. G.S. 1A-1, Rule 56. Defendant accepted as true, for purposes of the summary judgment motion, the facts revealed by a review of the materials before the court in the light most favorable to plaintiff. *Second*, defendant had to establish its right to judgment as a matter of law, either by demonstrating the non-existence of an essential element of each of plaintiff's claims of negligence or by presenting a defense to plaintiff's claims as a matter of law. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 470, 251 S.E. 2d 419, 421 (1979); *Tolbert v. Tea Co.*, 22 N.C. App. 491, 206 S.E. 2d 816 (1974). Until defendant met its burden, plaintiff had no burden of producing a forecast of evidence in support of its claims. *Moore*, 296 N.C. at 470, 251 S.E. 2d at 422; *Durham*, 40 N.C. App. at 568, 253 S.E. 2d at 319; *see* 2 McIntosh, N.C. Practice and Procedure § 1660.5 (2d ed. Phillips Supp. 1970). *See also* Gordon, *The New Summary Judgment Rule In North Carolina*, 5 Wake Forest Intramural L. Rev. 87 (1969).

Application of the foregoing principles to the evidentiary matter presented demonstrates that defendant did not meet its burden and that the court thus erred in granting summary judgment. Defendant, as owner of the shopping center, had a duty to exercise ordinary care to maintain its premises in a reasonably

safe condition and to warn its business invitees of any hidden dangers or unsafe conditions of which it knew or in the exercise of reasonable supervision should have known. *Morgan v. Tea Co.*, 266 N.C. 221, 145 S.E. 2d 877 (1966). Plaintiff alleged defendant breached its duty to maintain the premises in a reasonably safe condition in that it (1) constructed and maintained the rock garden in question, which garden constituted a dangerous obstruction of the passageways of defendant's shopping center; (2) filled the garden with rocks identical or similar in color to the surrounding sidewalk; (3) failed to fence the garden; (4) failed to construct a concrete walkway through the rock garden; (5) failed to inspect the sidewalk frequently; and (6) failed to sweep the sidewalk frequently. She alleged breach of the duty to warn of hidden danger or unsafe condition in that rocks remained on the sidewalk for so long a time that defendant knew or should have known of the danger they presented to customers. Absent a showing by defendant of lack of an essential element of each potential claim of negligence, or a showing by defendant of a defense as a matter of law to each, these allegations were sufficient to withstand the motion for summary judgment. *Tolbert*, 22 N.C. App. 491, 206 S.E. 2d 816.

The deposition of plaintiff filed by defendant tends to show that plaintiff was injured when she fell over stones on defendant's sidewalk. Defendant contends that plaintiff's injuries did not result from defendant's negligence. Defendant admits that it owed a duty to plaintiff, but asserts that it did not breach its duty. Defendant argues that there was no evidence before the trial court to show how the stones got on the sidewalk or whether the unsafe condition had existed for such time that defendant by the exercise of reasonable supervision should have known of its existence.

We note initially that upon defendant's motion for summary judgment, the burden was not on plaintiff to present evidence until defendant as movant produced its evidentiary material which tended to show that it was entitled to judgment as a matter of law. The burden was on defendant to produce evidence that the unsafe condition was not caused by its failure to use ordinary care. Defendant produced no evidence to refute plaintiff's allegations that the construction and maintenance of the rock garden, or the use of light colored stones, or the failure to fence the

garden or to construct a walkway through it constituted failure to use ordinary care to keep its premises safe. Defendant produced no evidence that it inspected its sidewalks or swept them frequently, or that its failure to do so did not amount to lack of ordinary care. The affidavit of Mr. Tart, filed by defendant, tends to show that rocks were frequently scattered on the sidewalk from the rock garden. Thus defendant's own evidentiary material contains testimony from which a jury could find that the unsafe condition had existed for such time that defendant should have known of it. The testimony of plaintiff, Mr. Tart and Mr. Batten indicated that the rocks upon which plaintiff fell came from defendant's rock garden. In summary, defendant failed to establish the absence of an essential element of any of plaintiff's negligence claims.

Defendant also argues that plaintiff's deposition testimony indicated plaintiff's contributory negligence as a matter of law. Plaintiff had the duty to exercise that care for her own safety which a reasonable and prudent person would exercise under the same circumstances. See Hinson v. Cato's, Inc., 271 N.C. 738, 157 S.E. 2d 537 (1967). Defendant argues plaintiff breached her duty as a matter of law because she stated in her deposition, which was taken at the scene of plaintiff's fall under similar weather conditions at approximately the same time of year, that after she had picked out several rocks, had placed them on the sidewalk approximately where they were when she fell, had walked from the rocks to the place where she had parked her car on the day she fell and had looked back to the place where she had placed the rocks, she could on that occasion see the rocks. Evidence from experiments such as the one conducted by defendant while taking plaintiff's deposition are admissible if the conditions of the experiment correspond in all substantial particulars with those existing at the time and place of the disputed event. Caldwell v. R.R., 218 N.C. 63, 10 S.E. 2d 680 (1940); Arrowood v. R.R., 126 N.C. 629, 36 S.E. 151 (1900); Cox v. R.R., 126 N.C. 103, 35 S.E. 237 (1900); see 1 Stansbury, N.C. Evidence § 94 at 304 (Brandis revision 1973). The credibility, probative force, and weight of such evidence is a matter for the jury to determine, however. Arrowood, 126 N.C. at 632, 36 S.E. at 152; 1 Stansbury, N.C. Evidence § 8 at 17 (Brandis revision 1973). On this ground alone the evidence should have gone to the jury. The production of an at the scene experiment

deposition, during which defendant forces the plaintiff to place the object or objects over which she fell in the location where she fell and then to trace and retrace her steps and actions on the day of the fall in an effort to elicit testimony that *on the day of the experiment* she can see the objects when she looks for them, will not automatically entitle defendant to summary judgment. Plaintiff here continued to insist that she did not see the rocks *on the day of her fall* until it was too late for her to avoid falling on them. This testimony raised a genuine issue of material fact.

Further, defendant presented no evidence that reasonable, prudent persons would have acted differently than plaintiff did under the circumstances. In fact, the only evidence as to how reasonable persons would have acted was the testimony of plaintiff. She stated that, while looking where she walked and watching out for her safety because she was afraid of falling, she was unable to see the rocks until she was almost on top of them; and that when she did see them she tried to avoid them. It remains for the jury to apply the standard of the reasonable, prudent person to determine whether plaintiff breached her duty to exercise ordinary care for her own safety. We cannot say *as a matter of law* that plaintiff did not act reasonably. *See Ballenger*, 38 N.C. App. 50, 247 S.E. 2d 287. Thus defendant did not meet its summary judgment burden by producing a defense to its negligence as a matter of law.

There is, then, evidence upon which reasonable persons could differ concerning whether each of the parties exercised reasonable care under the circumstances. Plaintiff thus is entitled to have the issues of defendant's negligence and her contributory negligence determined by a jury.

Reversed.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.