CYNTHIA LYNN STILLEY v. AUTOMOBILE ENTERPRISES OF HIGH POINT, INC.

———

JAMES D. STILLEY v. AUTOMOBILE ENTERPRISES OF HIGH POINT, INC.

No. 8122SC96

(Filed 1 December 1981)

1. **Rules of Civil Procedure § 37— answers to interrogatories—failure to impose sanctions—no abuse of discretion**

Where plaintiffs failed to answer interrogatories submitted by defendant; the court ordered plaintiffs to answer interrogatories on or before 25 July

1979 or have their actions dismissed; plaintiffs signed and verified answers on 23 July 1979 but the answers were not filed until November 1979 and where the record contained affidavits of plaintiffs' attorney and his secretary averring that on 23 July 1979 the answers were signed and mailed to defendant's attorney at his old address in Greensboro rather than at his new Winston-Salem address, there was no abuse in discretion in the court's decision not to dismiss plaintiffs' actions for failure to comply with the discovery order.

**2. Rules of Civil Procedure § 56.3— summary judgment—failure of movant to support motion**

The court properly denied defendant's motions for summary judgment where plaintiffs alleged facts sufficient to establish a prima facie case against defendant, and defendant failed to carry either the first burden of showing no genuine issue of material fact or the second burden of showing its entitlement to judgment as a matter of law as it filed no supporting affidavits with its motion.

**3. Rules of Civil Procedure § 37— limiting plaintiffs' expert witnesses—improper sanction**

The court improperly granted defendant's motion in limine whereby it limited plaintiffs' expert witnesses. Through this motion, defendant sought imposition of a Rule 37(b)(2)(B) sanction and such sanction may only be imposed for failure of a party to comply with a court order compelling discovery. Here, defendant did not obtain an order compelling plaintiffs to supplement their answers to any interrogatories they had answered.

**4. Automobiles § 23— defective condition of "loaner" vehicle—directed verdict improper**

In a civil action in which plaintiffs alleged a defective condition in a car loaned to them while defendant repaired their car, the trial court erred in directing a verdict for defendant at the end of plaintiffs' evidence as plaintiffs produced more than a scintilla of evidence that a defective steering mechanism caused the collision which resulted in their injuries, that the defect existed prior to and at the time defendant loaned the car to plaintiffs, and that defendant's representatives knew of the defect because of complaints about the steering by prior users.

APPEAL by plaintiffs from *Davis, Judge.* Judgments entered 26 August 1980 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 3 September 1981.

In May 1976 defendant loaned a 1972 Javelin automobile to plaintiff Cynthia Stilley to use while it repaired an automobile registered to her father, plaintiff James Stilley, but operated by plaintiff Cynthia Stilley. Ms. Stilley and her father were seriously injured in a collision while Ms. Stilley was driving the Javelin with her father as passenger. The plaintiffs filed complaints in

which they alleged that the steering mechanism and other mechanical parts of the Javelin were defective when defendant loaned them the car, that such defects caused the collision, and that defendant knew or should have known of the defective and unsafe condition when it loaned the car to plaintiffs. Plaintiffs also alleged defendant failed to repair the car properly and failed to warn them of the defective and unsafe condition. Defendant denied negligence and counterclaimed for damage to the car.

At trial plaintiffs produced evidence that defendant had obtained the car as a "salvage" automobile and had done some repair work to it prior to transferring it to Fanny Hayes Covington under an installment sales agreement. Ms. Covington returned the car to defendant for repairs shortly after she purchased it, having had problems with the tires and turning mechanism. She later returned the car a second time and told defendant to keep it. Defendant then sold the car to Steve Thayer who returned it shortly thereafter because he was not satisfied with its performance. Steve and his father, Claude Thayer, had inspected the car and found a worn stabilizer. While the car was on defendant's lot one of defendant's wreckers backed into it causing front end damage which defendant's employees repaired. The day defendant loaned the car to plaintiffs no employee of defendant inspected the car for defects or unsafe conditions. Between the day plaintiffs first obtained the car and the day of the collision Ms. Stilley complained about the car's performance to an employee of defendant. The employee told defendant's vice-president and another employee of Ms. Stilley's complaints. He told them he did not consider the car to be reliable transportation because he thought something was wrong with the suspension and the left front wheel was leaning.

Plaintiffs testified that on the day of the collision Ms. Stilley was driving in the left, south bound lane of temporary I-85 at 45-50 miles per hour; that traffic was heavy; and that she was not passing cars, but was waiting for a space to clear in the right lane so she could move into it in order to exit. Suddenly the car veered to the left and did not respond to Ms. Stilley's attempts to turn it back toward the right. The car left the pavement and entered the grass median between the north and south bound lanes. When Ms. Stilley attempted to turn the steering wheel to the right, it turned round and round in her hands with no

resistance. The car continued to travel in a straight line and entered the north bound lanes where it collided with another car.

Plaintiffs appeal from judgments granting defendant's motions for directed verdicts at the close of plaintiffs' evidence. Defendant cross-appeals.

*Boyan and Nix, by Clarence C. Boyan, for plaintiff appellants.*

*Womble, Carlyle, Sandridge and Rice, by Daniel W. Donahue and Keith Clinard, for defendant appellee.*

WHICHARD, Judge.

### DEFENDANT'S APPEAL

Defendant presents two questions: (1) whether the court erred in declining to dismiss plaintiffs' complaint for failure to comply with an order to answer interrogatories by a certain date; and (2) whether the court erred in denying its motion for summary judgment. We answer both questions in the negative.

### I. MOTION TO DISMISS FOR NONCOMPLIANCE WITH DISCOVERY ORDER

[1] Defendant submitted interrogatories to plaintiffs which asked them to list their expert witnesses and those witnesses who would testify concerning any alleged defect or unsafe condition of the automobile. When defendant did not receive answers to these interrogatories within the time permitted by statute, it moved for an order compelling plaintiffs to answer. The court ordered plaintiffs to answer on or before 25 July 1979 or have their actions dismissed. Plaintiffs signed and verified the answers on 23 July 1979. The answers were not filed, however, until November 1979. The record contains affidavits of plaintiffs' attorney and his secretary averring that on 23 July 1979 the answers were signed and mailed to defendant's attorney at his old address in Greensboro rather than at his new Winston-Salem address. The certificate of service was dated 23 July 1979.

Defendant moved that the court dismiss plaintiffs' actions for failure to comply with the discovery order. The court found the answers were signed and served on defendant on 23 July 1979 by copies being deposited with the United States Post Office Depart-

ment addressed to defendant's counsel, and that defendant's counsel later received the copies. The court therefore declined to impose sanctions on plaintiffs.

The court's order was supported by the affidavits submitted by plaintiffs in response to the motion. We find no abuse of discretion in the court's decision not to dismiss plaintiffs' actions. *See generally Telegraph Co. v. Griffin*, 39 N.C. App. 721, 251 S.E. 2d 885 *disc. review denied* 297 N.C. 304, 254 S.E. 2d 921 (1979).

## II. MOTIONS FOR SUMMARY JUDGMENT

[2] Defendant filed motions for summary judgment which asserted that no genuine issues of material fact existed in plaintiffs' actions. Defendant filed no supporting affidavits. Plaintiffs countered the motions with affidavits of Claude Thayer, Stephen Thayer, Sammie Hedrick, and Cynthia Stilley.

"The law places the burden on a movant for summary judgment to show (1) that no genuine issue of material fact exists, and (2) that the movant is entitled to judgment as a matter of law." *Green v. Wellons, Inc.*, 52 N.C. App. 529, 532, 279 S.E. 2d 37, 40 (1981). For purposes of the motion, defendant accepted as true the facts revealed by a review of the materials before the court in the light most favorable to plaintiffs. In their complaint, plaintiffs alleged facts sufficient to establish a prima facie case against defendant. By not supporting its motion with affidavits, defendant failed to carry either the first burden of showing no genuine issue of material fact or the second burden of showing its entitlement to judgment as a matter of law. Until defendant met its burden, plaintiffs had no burden of producing a forecast of evidence in support of their claims. *Green*, 52 N.C. App. at 532, 279 S.E. 2d at 40. Thus, by filing affidavits plaintiffs did more than the law required. The court properly denied defendant's motions.

## PLAINTIFFS' APPEAL

Plaintiffs present three questions: (1) whether the court erred in ruling, on defendant's motion in limine, that plaintiffs could not offer any expert witnesses and that only plaintiffs and four witnesses whose affidavits plaintiffs had obtained could testify concerning any alleged defect or unsafe condition of the automobile; (2) whether the court erred in excluding the testimony of

defendant's vice-president concerning his knowledge of the condition of the automobile when it was loaned to plaintiffs; and (3) whether the court erred in granting directed verdicts for defendant at the close of plaintiffs' evidence. We answer each question in the affirmative.

## I. MOTION IN LIMINE

[3] In their answers to interrogatories plaintiffs stated they intended to call no expert witnesses. They listed no witnesses who would testify about defects, but stated they expected to develop further evidence concerning defects or unsafe conditions prior to trial. They did not supplement their answers. During trial the court ordered, in response to a motion in limine by defendant, that plaintiffs could not offer any expert testimony and could only offer, concerning alleged defects or unsafe conditions, their own testimony and that of four witnesses whose affidavits they had filed.

Through this motion in limine defendant sought imposition of a Rule 37(b)(2)(B) sanction. Such sanction may only be imposed for failure of a party to comply with a court order compelling discovery. G.S. 1A-1, Rule 37(b)(2)(B); W. Shuford, N.C. Civil Practice and Procedure § 37-3 (2d ed. 1981). Defendant did not obtain an order compelling plaintiffs to supplement their answers to the interrogatories referred to above. Because plaintiffs had not failed to comply with a discovery order, the court improperly granted defendant's motion in limine. *Id.*

## II. TESTIMONY OF DEFENDANT'S VICE-PRESIDENT

Plaintiffs offered defendant's vice-president as an adverse witness. The court sustained objection to plaintiffs' questions as to whether this witness had inspected the automobile on the day he authorized its loan to plaintiffs. Plaintiffs, by these questions, sought direct evidence relating to defendant's duty to inspect and knowledge of defects in the vehicle. The court therefore improperly excluded the testimony. *See* Stansbury's North Carolina Evidence § 76 (Brandis rev. 1973).

## III. MOTIONS FOR DIRECTED VERDICT

[4] A motion for directed verdict presents the question whether the evidence was sufficient to have a jury pass on it. The trial

court should deny the motion when, viewing the evidence in the light most favorable to the plaintiff and giving the plaintiff the benefit of all reasonable inferences, it finds " 'any evidence more than a scintilla' to support plaintiff's prima facie case in all its constituent elements." 2 McIntosh, North Carolina Practice and Procedure 2d, § 1488.15 (Phillips Supp. 1970); *Hunt v. Montgomery Ward and Co.*, 49 N.C. App. 642, 644, 272 S.E. 2d 357, 360 (1980).

Defendant as a bailor is liable for injuries to plaintiffs as bailees if, at the time it allowed the vehicle to leave its possession, it knew, or in the exercise of reasonable care should have known, that the vehicle was in a defective or unsafe condition, and if such defective or unsafe condition caused plaintiffs' injuries. *See, e.g., Austin v. Austin*, 252 N.C. 283, 113 S.E. 2d 553 (1960). To exercise reasonable care a retail dealer who undertakes to repair and recondition a used vehicle for use upon the public highways must inspect the vehicle to detect defects which would make it a menace to those who might use it or come in contact with it, and must make repairs necessary to render the vehicle reasonably safe for such use. The dealer is charged with knowledge of defects which are patent and discoverable in the exercise of due care. *See, e.g., Jones v. Chevrolet Co.*, 217 N.C. 693, 9 S.E. 2d 395 (1940).

Plaintiffs produced more than a scintilla of evidence that a defective steering mechanism caused the collision which resulted in their injuries, that the defect existed prior to and at the time defendant loaned the car to plaintiffs, and that defendant's representatives knew of the defect because of complaints about the steering by prior users. Plaintiffs also produced evidence that no representative of defendant inspected the car immediately prior to loaning it to plaintiffs. From this evidence a jury could find failure to exercise due care.

Defendant argues that plaintiffs failed to produce any evidence of a specific defect which existed at the time they obtained possession of the automobile and which caused their injuries. We disagree. "Direct evidence of negligence is not required, but the same may be inferred from acts and attendant circumstances . . . ." *Austin v. Austin*, 252 N.C. 283, 288, 113 S.E. 2d 553, 557 (1960). Cynthia Stilley testified that, after the car sud-

denly veered to the left, she turned the steering wheel to the right, it went all the way around, and the car did not react. Steve Thayer, Claude Thayer, and Sammie Hedrick testified, in affidavits and at trial, that there was something seriously wrong with the automobile's steering mechanism. Their testimony related to times prior to plaintiff's possession of the automobile. This evidence permitted an inference that a defective steering mechanism, which existed prior to and at the time of defendant's bailment of the automobile to plaintiff, caused the collision. The evidence, in the light most favorable to plaintiff, thus presented questions of fact for the jury; and the court erred in granting directed verdicts for defendant.

### RESULT

In defendant's appeal, affirmed.

In plaintiffs' appeal, reversed and remanded for re-trial in accordance with this opinion.

Judges HEDRICK and HILL concur.