PAULA LOWERY PUGH, Plaintiff v. LARRY SCOTT PUGH, FREDDIE GLENN PUGH, THELMA PUGH, PAUL CLIFTON and SHIRLEY ALLEN, Defendants In The Matter Of: APPEAL OF B. ERVIN BROWN II FROM DISCOVERY SANCTIONS ORDER

No. 9221SC1341

(Filed 18 January 1994)

1. **Discovery and Depositions § 62 (NCI4th)— evasive responses to discovery — absence of motion to compel — Rule 37(a)(3) sanctions not proper**

    Although plaintiff's responses to discovery, through her attorney, were incomplete and evasive and thus constituted failure to answer, sanctions could not be imposed under Rule 37(a)(3) where defendants never filed a motion to compel but instead immediately filed a motion to dismiss. N.C.G.S. § 1A-1, Rule 37(a)(3).

    **Am Jur 2d, Depositions and Discovery §§ 373 et seq.**

2. **Discovery and Depositions § 62 (NCI4th)— requests for production — failure to respond or object — Rule 37(d) sanctions**

    Once plaintiff was served with requests for the production of tapes and transcripts of those tapes, she was required to respond or object within the time limits set forth in Rule

34. Where plaintiff, through her attorney, failed to exercise either of these options, defendants were entitled to move for the imposition of sanctions under Rule 37(d) for plaintiff's failure to produce the tapes or transcripts. N.C.G.S. § 1A-1, Rules 34 and 37(d).

**Am Jur 2d, Depositions and Discovery §§ 373 et seq.**

3. **Discovery and Depositions § 62 (NCI4th) — failure to make discovery — tapes and transcripts in possession of attorneys — sanctions against current attorney**

Where defendants requested that plaintiff produce tapes she made of her telephone conversations with defendants, plaintiff failed to produce the tapes because she had given them to her former attorney and no longer had them in her possession, and plaintiff's current attorney possessed copies of the transcripts of the tapes, the tapes and transcripts were within plaintiff's control and custody so that the trial court could impose sanctions under Rule 37(d) for plaintiff's failure to produce them. Furthermore, the trial court properly imposed the sanctions against plaintiff's current attorney where notice of plaintiff's deposition was served on plaintiff's attorney, and the attorney never informed plaintiff of the need to bring the tapes and transcripts to the deposition.

**Am Jur 2d, Depositions and Discovery §§ 373 et seq.**

Appeal by plaintiff's attorney, B. Ervin Brown II, from order entered 18 March 1991 by Judge Melzer A. Morgan, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 17 November 1993.

*Moore and Brown, by David B. Puryear, Jr., for B. Ervin Brown, II.*

*Wilson, Biesecker, Tripp and Sink, by Joe E. Biesecker, for defendant-appellees.*

LEWIS, Judge.

The facts of this appeal arise out of Paula Lowery Pugh's ("plaintiff") civil suit for abuse of process, malicious prosecution, conversion and assault and battery against her estranged husband, Larry Scott Pugh, and several of his business associates and family

PUGH v. PUGH

[113 N.C. App. 375 (1994)]

members ("defendants"). Several of the defendants swore out criminal warrants against plaintiff for such things as trespass and communicating threats. To aid in her defense, plaintiff retained the services of High Point attorney Debra Irene Johnson ("Johnson"). On Johnson's advice, plaintiff recorded her telephone conversations with the defendants to document her allegations that they were attempting to force her out of the county. Plaintiff also alleged that these recordings contained evidence of criminal activity on the part of the defendants. Johnson was successful in helping plaintiff obtain a settlement with the defendants by which plaintiff agreed to move out of the county and defendants agreed to withdraw their criminal complaints. However, when plaintiff moved out of the county, the defendants reinstated their criminal warrants. Johnson closed her legal office and moved out of state. Prior to moving, Johnson contacted Attorney B. Ervin Brown, II ("Brown") and asked him if he would represent plaintiff in her dispute with the defendants. Brown agreed and has represented plaintiff at all times relevant to this appeal.

On 16 April 1990, counsel for the defendants served a notice of deposition on plaintiff and requested that she produce "all audio tapes, photographs, documents, letters, papers, charts, writings and other tangible things" which she intended to introduce at trial. At the deposition, plaintiff testified, under oath, that she did not have any copies of the tapes and that she had given all of those to her former attorney, Johnson. At no time during the deposition did counsel for the defendants ask whether or not Brown was in possession of the tapes or transcripts of the tapes.

When defendants were unable to obtain copies of the tapes from plaintiff, they then subpoenaed Johnson and requested that she produce the same items as had been requested from plaintiff. Johnson testified that plaintiff had given her the tapes, that she had made transcripts from the tapes and that she had delivered the transcripts to Brown. Johnson further testified that the tapes were still in her possession, but that she did not have them with her because they were in storage. When defendants' counsel asked if Johnson was going to produce the tapes, Brown interrupted and replied that the transcripts and tapes were prepared in anticipation of litigation and were covered by the work product doctrine.

Frustrated in their attempts to obtain copies of plaintiff's tapes, defendants filed a motion to dismiss, motion for sanctions

and motion for protective order on the day of the trial. At a hearing Judge Morgan concluded that plaintiff and Brown had violated Rule 26(e)(1), Rule 26(e)(2), Rule 37(a)(3) and Rule 37(d) without justification and sanctioned Brown $1,171.50. Brown filed a motion to reconsider and for relief from order, which the trial court denied. Brown has now appealed the sanctions and the denial of his motion to reconsider.

The substantive law governing discovery is contained in N.C.G.S. § 1A-1, Rules 26-36. However, it is Rule 37 which governs discovery sanctions and which puts teeth in the other rules. As this Court stated in *Green v. Maness*, 69 N.C. App. 292, 299, 316 S.E.2d 917, 922, *disc. review denied*, 312 N.C. 622, 323 S.E.2d 922 (1984):

> Our courts and the federal courts have held consistently that the purpose and intent of [Rule 37] is to prevent a party who has discoverable information from making evasive, incomplete, or untimely responses to requests for discovery . . . . In addition to its inherent authority to regulate trial proceedings, the trial court has express authority under G.S. 1A-1, Rule 37, to impose sanctions on a party who balks at discovery requests.

Therefore, although the trial court found that Brown violated several discovery rules, we must first find a basis in Rule 37 to support the trial court's imposition of sanctions. Based on the trial court's order, the only portions of Rule 37 which are applicable are (a)(3) and (d).

[1] After reviewing the provisions of Rule 37(a)(3) we find that this section is insufficient to justify the imposition of sanctions in the present case. Rule 37(a)(3) provides that "[f]or purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer." Although it is clear that plaintiff's responses to discovery, through Brown, were incomplete and evasive, Rule 37(a) requires that a motion to compel be filed before sanctions can be awarded. *See* N.C.G.S. § 1A-1, Rule 37(a); G. Gray Wilson, *North Carolina Civil Procedure*, § 37-1 (1989). In this case, defendants never filed a motion to compel, but instead immediately filed a motion for dismissal. Accordingly, Rule 37(a) is not applicable to this case.

[2] Since subsection (a)(3) is insufficient to justify the imposition of sanctions in this case, we turn to the provisions of subsection

**PUGH v. PUGH**

(d). Generally sanctions under Rule 37 are imposed only for the failure to comply with a court order. *Stilley v. Auto. Enters. of High Point, Inc.*, 55 N.C. App. 33, 284 S.E.2d 684 (1981), *disc. review denied*, 305 N.C. 307, 290 S.E.2d 708 (1982). Rule 37(d), however, expressly contemplates a limited number of circumstances where a court order is not required before sanctions can be imposed. *See First Citizens Bank & Trust Co. v. Powell*, 58 N.C. App. 229, 292 S.E.2d 731 (1982), *aff'd*, 307 N.C. 467, 298 S.E.2d 386 (1983) (per curiam) (Court order compelling discovery was not a prerequisite to entry of default judgment). Rule 37(d) provides in pertinent part:

> If a party . . . fails . . . (iii) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subdivisions a, b, and c of subsection (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The application of Rule 37(d) is justified in this case because of plaintiff's failure to respond to defendants' request for production of documents and other tangible items. We find that plaintiff, through Brown, refused to respond to defendants' request for production of either the tapes or the transcripts of the tapes. There was no justification for this complete failure to respond to the discovery request and, accordingly, we affirm the trial court's award of sanctions against Brown.

Our appellate courts have yet to give a detailed analysis of Rule 37(d), but since the North Carolina version of Rule 37 is virtually identical to its federal counterpart, *see* W. Brian Howell, *Shuford North Carolina Civil Practice and Procedure* § 37-13 (4th ed. 1992), we have considered federal decisions and treatises. As stated previously, the only applicable part of Rule 37(d) is that dealing with whether plaintiff failed to respond to defendants' request for inspection. However, since Rule 37 is merely the enforcement mechanism, we must determine whether plaintiff violated the provisions of Rule 34, governing requests for production. Once

a party is served with requests for production, he must respond or object within the time limits set forth in Rule 34. *See* N.C.G.S. § 1A-1, Rule 34; *see also Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359 (Fed. Cir.), *cert. denied*, 498 U.S. 851, 112 L. Ed. 2d 109 (1990). It is clear that plaintiff, through Brown, failed to exercise either of these options. Thus, defendants were entitled to move for imposition of sanctions under Rule 37(d). *See* 4A James W. Moore et al., *Moore's Federal Practice* ¶ 37.02[4] (2d ed. 1993). Brown's assertion of a work product privilege to the tapes and to the transcripts is insufficient to meet the requirements of Rule 34. If Brown thought that the tapes and the transcripts were privileged, he should have filed a written objection or sought a protective order. Brown's failure to do either of these can only be interpreted as a complete failure to answer the discovery request, entitling defendants to proceed under Rule 37(d).

[3] Having determined that defendants were able to proceed under Rule 37(d) without an order compelling discovery, we consider whether or not plaintiff, through Brown, was justified in failing to produce the requested documents. Brown has asserted, both on appeal and at the hearing below, that plaintiff's failure to respond was because she no longer had the transcripts or the tapes in her possession. During her deposition, plaintiff repeatedly said that she had given the tapes to Johnson and that she no longer had possession of them. Although plaintiff's statement that she no longer had possession of the tapes may have been technically correct, we find that the language of Rule 34 encompasses more than just actual possession.

Rule 34 provides that a party may obtain production of documents or other tangible items which are within the "possession, custody or control" of the other party. "The federal courts have universally held that documents are deemed to be within the possession, custody or control of a party for purposes of Rule 34 if the party has actual possession, custody or control of the materials or has the legal right to obtain the documents on demand." *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992). Applying this test to the facts of this case, we find that plaintiff had control of the tapes because she originally made them and then gave them to Johnson for review. We also note that Brown, himself, had copies of the transcripts of the tapes and had reviewed these in preparing plaintiff's complaint in the underlying action. *See Pugh v. Pugh*, 111 N.C. App. 118, 431 S.E.2d

873 (1993). Clearly, the tapes and the transcripts, though not in plaintiff's actual possession, were within her control and custody, such that she could have obtained them from her attorney. *See Biben v. Card*, 119 F.R.D. 421, 425 (W.D. Mo. 1987) ("If the items were originally produced by the party or his agents, and then turned over to the attorney, they are considered under the party's control") (quoting *Hanson v. Gartland Steamship Co.*, 34 F.R.D. 493, 496 (N.D. Ohio (1964) ). Any other result would encourage clients to hide otherwise discoverable items with their attorneys in an effort to frustrate discovery. Clearly, this was not contemplated by those drafting the Rules of Civil Procedure.

Sufficient facts exist to support the trial court's imposition of sanctions upon plaintiff. However, the trial court did not impose sanctions on plaintiff, but instead imposed sanctions on attorney Brown. After reviewing all the facts we find that the trial court was justified in so doing. At her deposition, plaintiff testified that she had not received notice that she was to bring anything with her to the deposition. A review of the record shows that the notice of plaintiff's deposition was actually sent to Brown's office and not to plaintiff. We can only assume that plaintiff was unaware that she needed to bring the tapes and any other documents with her because Brown never informed her of such. Brown attempts to divert attention from his conduct by arguing that at plaintiff's deposition he was never directly asked whether the documents would be produced. Brown argues that since all the questions about the production of documents were directed to plaintiff he was not required to answer. This argument is spurious at best and frustrates the very purpose of discovery. The trial court's award of sanctions against Brown was justified.

Having established that sanctions were justified, we now determine whether the sanction imposed was appropriate. We note that the choice of sanctions is within the discretion of the trial court and will not be overturned absent an abuse of discretion. *Routh v. Weaver*, 67 N.C. App. 426, 313 S.E.2d 793 (1984). Given that Rule 37(d) specifically contemplates an award of expenses and attorney's fees in lieu of more serious sanctions, we find no abuse of discretion. We have also reviewed Brown's *motion to reconsider* and again we find no abuse of discretion.

Accordingly, the order of the trial court is

Affirmed.

Judges WYNN and McCRODDEN concur.