MILDRED MILES AND BETTY WHITMAN v. BOBBY GRAY MARTIN, CHARLENE B.
MARTIN AND SALEM RETIREMENT SERVICES, LLC

No. COA00-1332

(Filed 20 November 2001)

**1. Appeal and Error— appealability—discovery order—interlocutory order—substantial right**

Although defendant's appeal from the trial court's order granting plaintiffs' motion to compel production of client/investor documents as part of discovery is an appeal from an interlocutory order, defendant has an immediate right to appeal because the discovery order affects a substantial right based on the assertion of the attorney-client privilege.

**2. Discovery— motion to compel production—attorney-client privilege**

The trial court did not abuse its discretion in a fraud, negligent misrepresentation, civil conspiracy, breach of fiduciary duty, unfair and deceptive trade practices, breach of contract, and negligence action by granting plaintiff investors' motion to compel production of client/investor documents as part of discovery even though defendant, a licensed attorney, contends the documents were potentially attorney-client privileged, because: (1) no attorney-client relationship automatically ˙attached between defendant and plaintiff investors simply because defendant has a license to practice law in the state of North Carolina and is a member of the North Carolina State Bar; (2) defendant has not shown any objective indicia of the existence of the privilege, and defendant specifically denied having any fiduciary duties to plaintiffs; and (3) defendant's investment company was set up with his wife, who is not a lawyer, meaning the company was not a professional business authorized to practice law as defendant claims.

**3. Constitutional Law— due process—opportunity to be heard**

The trial court did not abuse its discretion in a fraud, negligent misrepresentation, civil conspiracy, breach of fiduciary duty, unfair and deceptive trade practices, breach of contract, and negligence action by allegedly denying defendants an opportunity to be heard in violation of their due process rights on a motion to compel production of client/investor documents as part of dis-

.

covery, because N.C.G.S. §1A-1, Rule 26(b) allows the type of discovery the motion to compel addressed, and there is no requirement of notice or an opportunity to be heard.

Appeal by defendant from judgment entered 8 August 2000 by Judge L. Todd Burke in Forsyth County Superior Court. Heard in the Court of Appeals 18 September 2001.

*Womble, Carlyle, Sandridge & Rice, by Philip J. Mohr for plaintiffs-appellees.*

*Randolph M. James, P.C., by Randolph M. James and David E. Shives for defendant-appellant.*

THOMAS, Judge.

Defendant Bobby Gray Martin appeals from an order granting plaintiffs' motion to compel production of client/investor documents as part of discovery. All four of his assignments of error have as a basis the claim of attorney-client privilege.

Plaintiffs' allegations are as follows: Mildred Miles and Betty Whitman, plaintiffs, are elderly sisters who are both widows. On 8 March 1995, they responded to an advertisement by defendant Salem Retirement Services, L.L.C. (Salem) for safe, secure investments designed especially for elderly individuals. Defendants Bobby Gray Martin (B.G. Martin) and Charlene Martin, husband and wife, had established Salem in 1994. B.G. Martin is also an attorney and licensed to practice law in North Carolina.

Plaintiffs met with B.G. Martin and explained that they were interested in investing their life savings. B.G. Martin advocated a particular investment which plaintiffs allege he described as low-risk, sound, safe, conservative and guaranteed. He advised plaintiffs they would receive a 12-14% annual return on their investment and that they could get the money back at any time. Plaintiffs made further inquiry and B.G. Martin continued to assure them the investment was safe and secure, with virtually no risk.

Based on B.G. Martin's recommendations, each of the plaintiffs gave him $35,000, which was then invested by Salem in high-risk mortgages on apartment buildings in New York City. For the next six to eight months, plaintiffs received monthly income payments matching the 12-14% return B.G. Martin had promised. Thereafter, however, the payments ceased.

MILES v. MARTIN

[147 N.C. App. 255 (2001)]

Plaintiffs contacted B.G. Martin regarding the non-payment, but he assured them their money was coming soon. In May 1996, plaintiffs learned Martha Lawrence (Lawrence), the mortgagor, had defaulted on both mortgages and that she was offering them title to the property in lieu of a foreclosure sale. Plaintiffs asked B.G. Martin for advice. He advised them to decline Lawrence's offer.

In 1997, plaintiffs received notice that Lawrence had not paid the insurance on the property. Then, they learned they could be held responsible for maintenance, repairs, taxes and other expenses. B.G. Martin again reassured plaintiffs, however, and advised them not to pay any of the insurance, taxes or other expenses.

In 1998, plaintiffs were served with a summons and complaint for back taxes owed on the property. Again, B.G. Martin counseled plaintiffs not to respond to the complaint and that he had everything under control.

Plaintiffs never received any additional income or return of their initial investments and had to come out of retirement and begin new jobs. Miles, in fact, was forced to sell her home. Plaintiffs filed a complaint against defendants on 6 August 1999. They alleged: (1) fraud and/or negligent misrepresentation; (2) constructive fraud; (3) civil conspiracy; (4) breach of fiduciary duty; (5) unfair and deceptive trade practices; (6) breach of contract and aggravated breach of contract; and (7) negligence. They did not allege legal malpractice.

In defendants' answer, they moved for dismissal and alleged the following affirmative defenses: (a) contributory negligence; (b) motion for a more definite statement because the fraud claim was not pled with particularity; (c) intervening negligence; (d) assumption of risk; (e) violation of the statute of frauds; (f) absence of reliance; (g) integration clauses which bar plaintiffs' recovery; and (h) violation of the statute of limitations. They also denied any fault or wrongdoing.

During the discovery phase of the case, plaintiffs claimed that defendants refused to provide full and complete responses to their first set of interrogatories and first request for production of documents. The parties were eventually able to agree to a consent order which stated if defendants did not provide full and complete responses by 29 March 2000, defendants would be subject to Rule 37 sanctions. Defendants responded only in part and did not provide all

MILES v. MARTIN

[147 N.C. App. 255 (2001)]

of the requested documents by the deadline. Defendants failed to respond to a second set of interrogatories and production of documents. Plaintiffs then filed another motion to compel.

The trial court granted plaintiffs' motion to compel defendants' responses to plaintiffs' first and second set of interrogatories and first and second request for production of documents. Defendants' deadline was 5 June 2000 at 5 p.m. Plaintiffs' motion for sanctions was denied.

On 12 June 2000, plaintiffs filed new motions for sanctions and to compel defendants' responses to plaintiffs' second set of interrogatories and second request for documents. Defendants, in their response, stated they had submitted multiple volumes of documents by 23 June 2000. Defendants also motioned for a protective order prohibiting plaintiffs from violating Local Rule 4.8 by filing a motion to compel without prior consultation with opposing counsel.

Plaintiffs' motions came on for hearing on 24 July 2000. The parties stipulated that the only remaining unsettled issue was whether an attorney-client privilege attached to B.G. Martin's client/investor files pertaining to individuals other than plaintiffs. In an order filed 8 August 2000, the trial court allowed plaintiffs' motion to compel, finding that "no attorney-client relationship existed between B.G. Martin and his clients/investors; and therefore . . . B.G. Martin [is ordered] to produce all of B.G. Martin's clients'/investors' files situated similarly to the plaintiffs[.]" The trial court further denied the request for sanctions and attorney fees due to the circumstances of the dispute, including B.G. Martin's concern for the privacy and rights of his other clients/investors. B.G. Martin appeals the order granting the motion to compel.

[1] Before we consider B.G. Martin's arguments, we note the trial court's order would not normally be immediately appealable because it would be considered interlocutory. *State ex rel. Employment Security Commission v. IATSE Local 574*, 114 N.C. App. .662, 663, 442 S.E.2d 339, 340 (1994). A ruling is interlocutory if it does not determine the issues but directs some further proceeding preliminary to a final decree. *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E.2d 777 (1983). However, an interlocutory order may be heard in appellate courts if it affects a substantial right. *See* N.C. Gen. Stat. § 1-277(a) (1999).

MILES v. MARTIN

[147 N.C. App. 255 (2001)]

In *Lockwood v. McCaskill*, 261 N.C. 754, 136 S.E.2d 67 (1964), our Supreme Court held that a discovery order affected a substantial right and was immediately appealable where the physician-patient privilege was asserted. In the case at bar, B.G. Martin asserts an attorney-client privilege. We find no distinction between the privileges as related to substantial rights and accordingly hold that this interlocutory order affects a substantial right and is appropriately before us.

**[2]** For our purposes, we combine B.G. Martin's four assignments of error. He argues the trial court committed reversible error on the grounds that the order compels him to produce potentially attorney-client privileged documents: (1) without the opportunity for clients/investors to be heard, in violation of the federal and state constitutions; (2) without the opportunity for B.G. Martin to be heard, in violation of the federal and state constitutions; (3) in violation of the attorney-client privilege; and (4) without a record sufficient to determine whether the attorney-client privilege applied. As all of his arguments are based on the privilege, we first consider whether such a privilege existed.

The attorney-client privilege exists if:

(1) the relation of attorney and client existed at the time the communication was made, (2) the communication was made in confidence, (3) the communication relates to a matter about which the attorney was professionally consulted, (4) the communication was made in the course of giving or seeking legal advice for a proper purpose although litigation need not be contemplated, and (5) the client has not waived the privilege.

*State v. Murvin*, 304 N.C. 523, 531, 284 S.E.2d 289, 291 (1981). It is plaintiffs' contention that the attorney-client relationship never existed between B.G. Martin and his investors.

B.G. Martin has a license to practice law in the state of North Carolina and is a member of the North Carolina State Bar. However, simply having a license to practice law does not allow the attorney-client privilege to automatically attach. In *Multimedia Publ'g. of North Carolina, Inc., v. Henderson County*, 136 N.C. App. 567, 525 S.E.2d 786, *rev. denied*, 351 N.C. 474, 543 S.E.2d 492 (2000), this Court held the party asserting the privilege "can only meet its burden by providing some *objective* indicia that the exception is applicable

under the circumstances. Mere assertions by [a party] or its attorneys in pleading will not suffice." *Id.* at 576, 525 S.E.2d at 792. (Emphasis in original).

In the case at bar, B.G. Martin has not shown any objective indicia of the existence of the privilege. In fact, he argued the opposite. In his answer, B.G. Martin specifically denied having any fiduciary duties to plaintiffs. The trial court's order here applied only to the files of those "situated similarly to the plaintiffs," and thus would not apply to those whose relationship with B.G. Martin is in a different category, such as a legitimate attorney-client one. B.G. Martin did not show evidence of a retainer paid, nor a contract showing an attorney-client relationship between himself and plaintiffs or between himself and any other investors. It was not until the third motion to compel that B.G. Martin even asserted an attorney-client privilege. In fact, there was no affidavit or testimony claiming such a relationship existed.

We also note B.G. Martin set up Salem with his wife, Charlene Martin, who is not a lawyer. If B.G. Martin were operating Salem as a professional business authorized to practice law, which he claims he does, he would be in violation of several North Carolina State Bar Rules of Professional Conduct if he shared profits with Charlene or, if Charlene owned any interest in Salem. *See* Rules of Professional Conduct 5.4 and 5.5.

B.G. Martin further claims neither he nor his clients had an opportunity to be heard. In discovery, relevant and material information is reachable to narrow and sharpen the basic issues for trial as long as it is not privileged. *American Tel. & Tel. Co. v. Griffin*, 39 N.C. App. 721, 251 S.E.2d 885, *rev. denied*, 297 N.C. 304, 254 S.E.2d 921 (1979). Our General Statutes provide:

*Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.* It is not grounds for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence nor is it grounds for

objection that the examining party has knowledge of the information as to which discovery is sought.

N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (1999) (Emphasis added). As we have already determined that there is no attorney-client privilege, we must now determine whether there is any other privilege.

We note B.G. Martin did not claim any other privilege and, even if he did, his argument would still fail. There is clearly no physician-patient or husband-wife privilege. An accountant-client privilege is not recognized in North Carolina. *State v. Agnew*, 294 N.C. 382, 241 S.E.2d 684, *cert. denied*, 439 U.S. 830, 58 L. Ed. 2d 124 (1978).

**[3]** Further, discovery orders are within the trial court's discretion and will not be upset on appeal without a showing of abuse of discretion. *Hudson v. Hudson*, 34 N.C. App. 144, 237 S.E.2d 479, *rev. denied*, 293 N.C. 589, 239 S.E.2d 264 (1977). B.G. Martin argues the abuse occurred because his (and his clients') opportunity to be heard was denied in violation of the due process clauses in the state and federal constitutions.

Rule 26(b) allows the type of discovery the motion to compel addressed. There is no requirement of notice or an opportunity to be heard. The test of relevancy set out in Rule 26(b)(1) is much less stringent than the standard of relevancy found in N.C. Gen. Stat. § 8C-1, Rule 401. For discovery purposes, information need only be "reasonably calculated to lead to the discovery of admissible evidence[.]" N.C. Gen. Stat. § 1A-1, Rule 26. In the absence of privilege, the remedy is a protective order under Rule 26(c), which would also be determined in the trial court's discretion. *See* N.C. Gen. Stat. § 1A-1, Rule 26(c) (1999). Here, defendants' motion for a protective order was denied by the trial court.

Further, as to B.G. Martin, our Supreme Court has held that Rule 26(b) is not unconstitutional on the grounds that it deprives a party of property without due process of the law. *Marks v. Thompson*, 282 N.C. 174, 192 S.E.2d 311 (1972). *See also* Fed. R.C.P. 26; *Helms v. Richmond-Petersburg Turnpike Authority*, 52 F.R.D. 530. (E.D.Va. 1971). Thus, his argument fails.

Because B.G. Martin is unable to show that an attorney-client privilege existed and that the trial court abused its discretion, we reject his four assignments of error and affirm the trial court.

AFFIRMED.

Judges GREENE and CAMPBELL concur.