BRIAN JAMES AND JULIUS A. FULMORE, PLAINTIFFS v. JERRY BLEDSOE; WILLIAM EDWARD DAVIS HAMMER, INDIVIDUALLY AND AS PRESIDENT OF HAMMER PUBLICATIONS, INC.; JOHN HAMMER, INDIVIDUALLY, AS SECRETARY OF HAMMER PUBLICATIONS, INC. AND EDITOR-IN-CHIEF OF THE RHINOCEROS TIMES; AND HAMMER PUBLICATIONS, INC. D/B/A THE RHINOCEROS TIMES, DEFENDANTS

No. COA08-1386

(Filed 21 July 2009)

**Appeal and Error— interlocutory—denial of motion to compel discovery—substantial right not affected**

An appeal from the denial of a motion to compel.discovery was dismissed as interlocutory even though plaintiffs argued that a substantial right was affected through defendants' assertion of a statutory privilege and the highly material nature of the information being sought. Plaintiffs provided no legal argument for the contention that plaintiffs' substantial right was affected by

defendants' assertion of a statutory privilege, and even though some relevant and material evidence might be contained in the requested notes and recordings, plaintiffs are not entitled to a fishing expedition to locate it.

Appeal by plaintiffs from order entered 1 August 2008 by Judge Vance Bradford Long in Guilford County Superior Court. Heard in the Court of Appeals 8 June 2009.

*Forman Rossabi Black, P.A., by Amiel J. Rossabi, for plaintiffs-appellants.*

*Smith, James, Rowlett & Cohen, L.L.P., by Seth R. Cohen, for defendants-appellees.*

MARTIN, Chief Judge.

Greensboro police officers Brian James and Julius A. Fulmore ("plaintiffs") appeal from the superior court's 1 August 2008 Order denying their 2 April 2008 Motion to Compel Discovery Responses from the following named defendants: investigative journalist Jerry Bledsoe ("Bledsoe"); president of Hammer Publications, Inc. and publisher of *The Rhinoceros Times* William Edward Davis Hammer ("William Hammer"); secretary of Hammer Publications, Inc. and editor-in-chief of *The Rhinoceros Times* John Hammer ("John Hammer"); and Hammer Publications, Inc. d/b/a *The Rhinoceros Times* ("Hammer Publications"). For the reasons stated, we dismiss plaintiffs' appeal.

In light of our disposition of this appeal, our recitation of the facts and procedural history of the case is abbreviated. On 19 November 2007, plaintiffs filed a Complaint against defendants alleging defamation and civil conspiracy. Plaintiffs alleged that twenty-three false and defamatory statements about either or both plaintiffs were authored by defendant Bledsoe and published in *The Rhinoceros Times* in a series entitled "Cops in Black and White." Defendant Bledsoe's series began in late summer 2006 and has included more than fifty installments, although the twenty-three allegedly defamatory statements appear in only ten of those articles. Plaintiffs also alleged that defendants "formed a scheme" in which defendants William Hammer and Hammer Publications knowingly published both defendant Bledsoe's "Cops in Black and White" series and defendant John Hammer's editorial commentary on defendant Bledsoe's series, which were "rife with defamatory statements," in order to "make

money," "achieve improper and immoral results," and "deceive the citizens of Guilford County."

Defendants filed their Answer to plaintiffs' Complaint on 18 January 2008 in which they asserted thirteen defenses. Plaintiffs sent each defendant a First Set of Interrogatories and Request For Production of Documents ("Plaintiffs' First Interrogatories"), in which plaintiffs sought, among other things, "[a]ny and all documents and electronic data that relate to [p]laintiffs," and "[a]ny and all documents and electronic data that relate to communications with individuals or entities that supplied information either" "to be used in" or "to lead to the discovery of information to be used in the Series and/or the Editorials." After the court granted defendants' Motion for Extension of Time to answer Plaintiffs' First Interrogatories, each defendant sent plaintiffs their Answers to Plaintiffs' First Interrogatories.

On 17 March 2008, plaintiffs' counsel sent letters to each defendant asserting that defendants' Answers to Plaintiffs' First Interrogatories were "totally and completely inadequate" and "completely non-responsive," and stated, "[w]ith respect to the document production, the documents produced in no way satisfy the requests for production served upon [defendants]." Plaintiffs' counsel demanded that defendants supplement their responses to Plaintiffs' First Interrogatories by 24 March 2008. On 2 April 2008, plaintiffs filed a Motion to Compel Discovery Responses from Defendants, in which they prayed for defendants "to answer and fully respond to [p]laintiffs' discovery requests without objections." Before plaintiffs' Motion to Compel was heard, each defendant sent plaintiffs their Supplemental Answers to Plaintiffs' First Interrogatories.

Plaintiffs' Motion to Compel was heard on 19 May 2008 and 11 June 2008. In its Order entered on 1 August 2008, the trial court concluded that "defendants shall supplement within 30 days of the entry of this Order their Answers to plaintiffs' [First Interrogatories] by lifting their objection as to their fact checking procedures in general, and in particular as to the specific allegations of alleged defamation in paragraph 12 of their Complaint." The court further concluded that "defendants shall supplement their Answers and disclose all intercourse of any type between Mr. Bledsoe and either of the Hammers as to how the Series came about." Plaintiffs' Motion to Compel was denied. Plaintiffs timely appealed from the trial court's order.

Plaintiffs concede that the trial court's 1 August 2008 Order is interlocutory. An appeal from an interlocutory order "will be dismissed unless the order affects some substantial right and will work injury to the appellant if not corrected before appeal from the final judgment." *Privette v. Privette*, 230 N.C. 52, 53, 51 S.E.2d 925, 926 (1949). "Generally, an order compelling discovery is not immediately appealable." *Doe 1 v. Swannanoa Valley Youth Dev. Ctr.*, 163 N.C. App. 136, 138, 592 S.E.2d 715, 717 (citing *Sharpe v. Worland*, 351 N.C. 159, 163, 522 S.E.2d 577, 579 (1999)), *disc. review and supersedeas denied*, 358 N.C. 376, 596 S.E.2d 813 (2004). However, an interlocutory order denying discovery has been held to affect a substantial right when: (A) " 'a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial,' " *id.* (quoting *Sharpe*, 351 N.C. at 166, 522 S.E.2d at 581), or (B) "the desired discovery would not have delayed trial or have caused the opposing party any unreasonable annoyance, embarrassment, oppression or undue burden or expense, and if the information desired is highly material to a determination of the critical question to be resolved in the case." *Dworsky v. Travelers Ins. Co.*, 49 N.C. App. 446, 447-48, 271 S.E.2d 522, 523 (1980). Plaintiffs contend the trial court's interlocutory order denying their Motion to Compel discovery affects a substantial right based on (A) defendants' assertion of the statutory privilege under N.C.G.S. § 8-53.11, and (B) the rule of *Dworsky v. Travelers Insurance Co.* We disagree.

### A.

In its 1 August 2008 Order, the trial court found that defendants asserted a qualified privilege under N.C.G.S. § 8-53.11 and concluded that "N.C.G.S. § 8-53.11 applies and that the plaintiffs have failed to establish their need for the information pursuant to the requirements of this statute; therefore, defendants' objections are sustained, and plaintiffs' Motion to Compel is denied." On appeal, plaintiffs contend the trial court's recognition of *defendants'* assertion of this statutory privilege entitles *plaintiffs* to immediate appellate review of the trial court's interlocutory order. To support their contention, plaintiffs rely on the following cases: *Sharpe v. Worland*, 351 N.C. 159, 522 S.E.2d 577 (1999); *Evans v. United Services Automobile Ass'n*, 142 N.C. App. 18, 541 S.E.2d 782, *cert. denied*, 353 N.C. 371, 547 S.E.2d 810 (2001); and *Miles v. Martin*, 147 N.C. App. 255, 555 S.E.2d 361 (2001) (citing *Lockwood v. McCaskill*, 261 N.C. 754, 136 S.E.2d 67 (1964)).

JAMES v. BLEDSOE

[198 N.C. App. 339 (2009)]

Plaintiffs first cite *Sharpe's* oft-repeated rule that, when "a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right." *Sharpe*, 351 N.C. at 166, 522 S.E.2d at 581. Contrary to plaintiffs' assertions, however, we conclude that *Sharpe* does not mandate appellate review of an interlocutory order upholding a statutory privilege asserted by a party from whom discovery is sought.

In *Sharpe*, the plaintiff initiated a medical malpractice action against the defendants for personal injuries, and served a notice of deposition upon the defendant-hospital in which the plaintiff requested that the defendant-hospital "produce '[a]ll documents related to all complaints and incident reports' and '[a]ll minutes of any meeting or hearing of the Board of Trustees' relating to Dr. Worland." *Id.* at 160, 522 S.E.2d at 578 (alterations in original). The defendant-hospital moved for a protective order, asserting that "certain documents pertaining to Dr. Worland's participation . . . were privileged and, therefore, protected from disclosure." *Id.* at 160-61, 522 S.E.2d at 578. The trial court denied the motion for a protective order and ordered the defendant-hospital to produce all documents concerning defendant Worland's participation. *Id.* at 161, 522 S.E.2d at 578. The defendants appealed from the trial court's denial of their motion. *See id.*

In addressing the issue of whether the denial of the defendant-hospital's motion for a protective order affected a substantial right, the Court wrote: It "suffices to observe that, if the [defendant-h]ospital is required to disclose the very documents that it alleges are protected from disclosure by the statutory privilege, then a right materially affecting those interests which a [person] is entitled to have preserved and protected by law—a substantial right—is affected." *Id.* at 164, 522 S.E.2d at 580 (second alteration in original) (internal quotation marks omitted). In other words, the Court recognized that *a party asserting a privilege* which it "is entitled to have preserved and protected by law" will lose that right if the trial court's order requiring that it disclose the documents it alleges are protected "is not reviewed before entry of a final judgment." *Id.* at 164-65, 522 S.E.2d at 580-81. Thus, *Sharpe* gives no support to plaintiffs' contention in the present case that the trial court's recognition of *defendants'* assertion of a statutory privilege affects a substantial right of *plaintiffs*.

Similarly, in *Evans*, the plaintiff brought an action against the defendants for breach of contract, bad faith, and unfair and deceptive trade practices, and sought to obtain a complete copy of the defendants' claims file relating to "the incident in question, including copies of reports generated as the result of defendants' investigation, legal opinions obtained by defendants from both in-house and private counsel, and the substance of discussions among defendants' personnel (including their attorneys) who participated in the decision to deny coverage to the plaintiff." *Evans*, 142 N.C. App. at 22, 541 S.E.2d at 785. The defendants declined to produce those documents which they alleged were protected by the attorney-client privilege. *See id.* at 22-23, 541 S.E.2d at 785. The plaintiff moved to compel discovery of the material the defendants alleged was privileged. *See id.* at 23, 541 S.E.2d at 785. The trial court partially granted the plaintiff's motion to compel, and the parties appealed. *See id.*

"Plaintiff move[d] to dismiss defendants' appeal as interlocutory, while defendants argue[d] that, because the trial court's orders require[d] that they produce material protected by the attorney-client privilege, their appeal involve[d] a substantial right." *Id.* at 23, 541 S.E.2d at 786. This Court stated that it "agree[d] with defendants' contention," and found that "the trial court's order *affects a substantial right of defendants* under the holding of our Supreme Court in *Sharpe.*" *Id.* at 23-24, 541 S.E.2d at 786 (emphasis added). In other words, this Court decided to hear the appeal in *Evans* because *the party asserting the protection of the privilege* sought to have the issue heard before having to disclose the information it sought to protect.

Because the appeals heard in *Miles* and *Lockwood* likewise arose from circumstances similar to those described above in *Sharpe* and *Evans*—in which the appellate court granted immediate review to the party asserting a statutory privilege after the trial court entered an interlocutory order compelling discovery against the party who asserted such a privilege, *see Miles*, 147 N.C. App. at 256, 258-59, 555 S.E.2d at 362, 363-64 (allowing immediate appellate review for defendant asserting attorney-client privilege after the trial court's interlocutory order granted plaintiffs' motion to compel production of defendant's client/investor documents); *Lockwood*, 261 N.C. at 755-57, 136 S.E.2d at 68-69 (allowing immediate appellate review for plaintiff asserting physician-patient privilege after the trial court's interlocutory order granted defendants' motion to compel plaintiff's psychiatrist to submit to a deposition regarding plaintiff's medical

treatment history), we conclude that the cases upon which plaintiffs rely are distinguishable from the present case. Since plaintiffs have provided no legal argument supporting their contention that the trial court's denial of plaintiffs' Motion to Compel based on *defendants'* assertion of a statutory privilege affects a substantial right of *plaintiffs* and requires immediate appellate review, we conclude that plaintiffs' appeal is not properly before this Court on this ground.

B.

Plaintiffs also seek immediate appellate review of the trial court's interlocutory order based on their contention that the court's denial of their Motion to Compel affects a substantial right under the rule in *Dworsky v. Travelers Insurance Co.*, 49 N.C. App. 446, 271 S.E.2d 522 (1980). Again, we disagree.

As mentioned above, in *Dworsky*, this Court stated that an interlocutory order denying discovery affects a substantial right which would be lost if the ruling were not reviewed before final judgment (1) "if the information desired is highly material to a determination of the critical question to be resolved in the case," and (2) if "the desired discovery would not have delayed trial or have caused the opposing party any unreasonable annoyance, embarrassment, oppression or undue burden or expense." *Dworsky*, 49 N.C. App. at 447-48, 271 S.E.2d at 523.

Plaintiffs contend the information desired is "highly material" because "[t]he requested discovery goes to the critical issue of [defendant] Bledsoe's knowledge of the truth or falsity of the statements he published." Plaintiffs assert that they "produced evidence at the hearing that [defendants] (or some of them) knew or should have known that some statements in the articles were false, [and that] therefore, a review of the notes and recordings is highly material to a determination of whether [defendants] published false statements with actual malice." In support of this assertion, plaintiffs direct this Court's attention to portions of the transcript from the 11 June 2008 hearing on plaintiffs' Motion to Compel, which contain the testimony of two witnesses—Mr. Coman and Mr. Jones. However, it is not apparent from these excerpts that defendants "knew or should have known that some statements in the articles were false."

In the transcript pages referenced by plaintiffs, Mr. Coman testified that defendant Bledsoe said that David Wray had "been treated wrong, and [that defendant Bledsoe was] going to do everything [he

could] to help restore David Wray's good name." Mr. Coman also testified that defendant Bledsoe "didn't think much of Mitch Johnson" and "hoped that the outcome of the articles would be that Mitch Johnson would ultimately get fired." Mr. Jones testified that he spoke with defendant Bledsoe "to tell him about some folks that [Mr. Jones] thought would have had *a different opinion* about [plaintiff] Fulmore," (emphasis added), but that defendant Bledsoe did not contact some of the persons to whom Mr. Jones referred him. Nonetheless, plaintiffs have not shown by these excerpts that defendant Bledsoe's notes and recordings are "highly material to a determination of whether [defendants] published false statements with actual malice." Rather, "the record in the instant case offers [this Court] no clue as to what relevant and material information, if indeed there is any, is sought." *See Dworsky*, 49 N.C. App. at 448, 271 S.E.2d at 524. Accordingly, even though some relevant and material evidence *might* be contained in the requested notes and recordings, plaintiffs are "not entitled to a fishing expedition to locate it." *See id.* Therefore, because "plaintiffs have not shown that the information sought is so crucial to the outcome of this case that it would deprive them of a substantial right and thus justify an immediate appeal," *see id.*, plaintiffs' appeal from the trial court's interlocutory 1 August 2008 Order denying plaintiffs' Motion to Compel is dismissed.

Dismissed.

Judges STEPHENS and HUNTER, JR. concur.