ALLAN RICHARD LOWD, Plaintiff v. EDMUND LLOYD REYNOLDS, individually and as agent for S.T.S. OF FLORIDA, LLC a/k/a S.T.S., LLC, and JAMES ROLEN WHEATLEY, JR., Defendants

No. COA09-505

(Filed 6 July 2010)

**1. Discovery— motion to compel medical records—physician-patient privilege impliedly waived**

The trial court in a negligence action arising out of an automobile accident did not err in granting defendant Wheatley's motion to compel the production of medical records for which plaintiff had asserted the physician-patient privilege. Pursuant to the holding in *Midkiff v. Compton*, 204 N.C. App. 21, plaintiff impliedly waived his physician-patient privilege by bringing a personal injury action against defendant which placed his medical condition at issue.

**2. Discovery— motion to compel medical records—in camera review**

The trial court in a negligence action arising out of an automobile accident did not abuse its discretion in refusing to review *in camera* medical records plaintiff argued were privileged before granting defendant Wheatley's motion to compel production of the records. Plaintiff had waived his physician-patient privilege with regard to the records and the records were relevant in determining whether the accident was the proximate cause of plaintiff's injuries.

**3. Discovery— order to produce medical records—no abuse of discretion**

The trial court in a negligence action arising out of an automobile accident did not abuse its discretion by ordering plaintiff to produce medical records and information which were not in his possession, custody, or control because plaintiff had a legal right to obtain the documents requested.

Appeal by plaintiff from order entered 30 October 2008 by Judge Phyllis M. Gorham in Carteret County Superior Court. Heard in the Court of Appeals 26 October 2009.

*Christopher L. Beacham and Stevenson L. Weeks, for plaintiff-appellant.*

*Harris, Creech, Ward and Blackerby, P.A., by W. Gregory Merritt and Jay C. Salsman, for defendant-appellee.*

JACKSON, Judge.

Allen Richard Lowd ("plaintiff") appeals from the trial court's order (1) granting James Rolen Wheatley, Jr.'s ("Wheatley") motion to compel the production of medical records for which plaintiff had asserted the physician-patient privilege pursuant to section 8-53 of our General Statutes and (2) granting, in part, plaintiff's motion for a protective order limiting the use of the medical records solely for purposes of this litigation. For the reasons set forth below, we affirm.

On 9 April 2008, plaintiff filed a complaint, and on 3 June 2008, plaintiff filed an amended complaint in which he alleged that he sustained personal injuries during a multiple automobile collision resulting from the negligence of Edmund Lloyd Reynolds, individually and as an agent for S.T.S. of Florida, LLC a.k.a. S.T.S., LLC; and Wheatley (collectively, "defendants").

On 30 June 2008, Wheatley served plaintiff with interrogatories and requests for production of documents (the "discovery request"). In relevant part, discovery request number 17 sought production of

all medical records, hospital charts, physician charts, patient charts, letters, memoranda, correspondence, x-rays, CT scans, MRIs, bills, insurance billing information or any other viewable, audible, or tangible things that relate to medical care or treatment that the Plaintiff has received from January 1, 1995, through the present date.

On 21 August 2008, plaintiff served his responses to Wheatley's discovery request in which he objected to discovery request 17 because it sought "information privileged pursuant to N.C.G.S. § 8-53" and because the "interrogatory is overly broad and unduly burdensome."

Pursuant to Wheatley's discovery request and plaintiff's response, but without waiving his objection, plaintiff produced limited medical records. These records evidenced treatment plaintiff had received for injuries he alleges he sustained as a result of the subject accident, beginning with an emergency room record dated 9 June 2005. However, plaintiff failed to produce any record of medical treatment prior to the date of the accident.

LOWD v. REYNOLDS

[205 N.C. App. 208 (2010)]

On 10 October 2008, Wheatley filed a motion to compel discovery. Wheatley sought to discover the amount of monetary relief plaintiff sought and plaintiff's medical records beginning on 1 January 1995. With respect to plaintiff's medical records, Wheatley argued that the issues are relevant to the lawsuit because plaintiff "placed his medical condition at issue by alleging damages due to injuries."

On 14 October 2008, plaintiff filed a motion for a protective order. Plaintiff asked the trial court to either recognize these documents as privileged and limit the exchange of his medical records or, in the alternative, that the court review the documents *in camera* to determine "whether the privilege should be removed in the interest of justice." Plaintiff argued that the physician-patient privilege protected the information that Wheatley sought to discover pursuant to North Carolina General Statutes, section 8-53 and, further, that the interrogatory was overly broad and unduly burdensome because the records were over ten years old and "may no longer exist."

On 27 October 2008, the trial court conducted a hearing regarding Wheatley's motion to compel discovery and plaintiff's motion for a protective order. The trial court granted Wheatley's motion and granted plaintiff's motion for a protective order to the extent that "any and all medical records produced in discovery not be used for any purpose outside the scope of this litigation." From the trial court's order, plaintiff appeals.

On appeal, plaintiff presents two central arguments in support of his contention that the trial court abused its discretion in granting Wheatley's motion to compel the production of plaintiff's medical records. First, plaintiff argues that the trial court abused its discretion because (1) plaintiff did not waive the physician-patient privilege set forth in North Carolina General Statutes, section 8-53; (2) the trial court did not review the records *in camera* prior to granting Wheatley's motion; and (3) the trial court failed to make sufficient findings that the disclosure of plaintiff's records was necessary for the proper administration of justice as contemplated by North Carolina General Statutes, section 8-53. Second, plaintiff argues that the trial court abused its discretion by compelling the production of documents that were not in plaintiff's care, custody, or control. We disagree.

[1] Preliminarily, with respect to plaintiff's first argument on appeal, we note that our recent decision in *Midkiff v. Compton*, 204 N.C. App. 21, 693 S.E.2d 172, (2010) controls much of our decision in the

case *sub judice. See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

Next, we address the timeliness of this appeal. In *Midkiff* we noted that

[o]rdinarily, discovery orders are interlocutory and are not subject to immediate appeal. Orders that are interlocutory are subject to immediate appeal when they affect a substantial right of a party. [W]hen, as here, a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right[.] Because the trial court in the present case ordered [p]laintiff to disclose matters she had asserted were protected by the physician-patient privilege, the trial court's order is immediately appealable and is properly before us.

204 N.C. App. 24, 693 S.E.2d at 174, (internal citations and quotation marks omitted). Therefore, this appeal, like *Midkiff*, properly is before us notwithstanding its interlocutory nature.

In *Midkiff*, we further explained that

[w]hen reviewing a trial court's ruling on a discovery issue, our Court reviews the order of the trial court for an abuse of discretion. Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.

*Id.* at 24, 693 S.E.2d at 175 (internal citations and quotation marks omitted).

As noted *supra*, our holding in *Midkiff* applies to the present case. In *Midkiff*, the plaintiff filed a complaint sounding in negligence seeking to recover damages for personal injuries after being struck by the defendant's automobile while jogging. *Id.* at 22, 693 S.E.2d at 173. The defendant served the plaintiff with interrogatories and requests for production of documents, including, *inter alia*, the plaintiff's medical records for the previous ten years. *Id.* at 22, 693 S.E.2d at 173-74. The plaintiff objected on the grounds that the request was "unduly broad, overly burdensome, and not reasonably calculated to lead to the dis-

covery of admissible evidence in that [the defendant sought] medical records pertaining to parts of [the plaintiff's] body not injured in the subject collision." *Id.* The plaintiff also asserted that the information was protected by the physician-patient privilege pursuant to North Carolina General Statutes, section 8-53. *Id.* The defendant filed a motion to compel discovery, and the plaintiff filed a motion for a protective order seeking to prevent discovery or have the trial court review the records *in camera* to determine which records were relevant. *Id.* at 23, 693 S.E.2d at 174. The trial court did not review the plaintiff's records *in camera* and allowed the defendant's motion to compel discovery for a period of five years preceding the filing of the action. *Id.* The plaintiff appealed, and, in affirming the trial court's decision, we held that the trial court did not abuse its discretion. *Id.* at 23, 36, 693 S.E.2d at 174, 182.

Plaintiff here first contends that the trial court abused its discretion in granting Wheatley's motion to compel production of plaintiff's medical records because the records purportedly were privileged pursuant to North Carolina General Statutes, section 8-53. In relevant part, section 8-53 provides that

> [n]o person, duly authorized to practice physic or surgery, shall be required to disclose any information which he may have acquired in attending a patient in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon . . . . Confidential information obtained in medical records shall be furnished only on the authorization of the patient, or if deceased, the executor, administrator, or, in the case of unadministered estates, the next of kin. Any resident or presiding judge in the district, either at the trial or prior thereto, . . . may . . . compel disclosure if in his opinion disclosure is necessary to a proper administration of justice.

N.C. Gen. Stat. § 8-53 (2009). The physician-patient privilege, which belongs to the patient, may be waived either expressly or impliedly and is qualified rather than absolute. *Midkiff*, 204 N.C. App. at 25, 693 S.E.2d at 175, (citing *Sims v. Insurance Co.*, 257 N.C. 32, 38, 125 S.E.2d 326, 331 (1962); *Capps v. Lynch*, 253 N.C. 18, 22-23, 116 S.E.2d 137, 141 (1960)). In *Midkiff*, we thoroughly examined the history of the physician-patient privilege and explained that " 'case law has also recognized an implied waiver where a patient by bringing an action, counterclaim, or defense directly placed her medical condition at

issue." *Id.* at 30, 693 S.E.2d at 178 (quoting *Mims v. Wright*, 157 N.C. App. 339, 342-43, 578 S.E.2d 606, 609 (2003)). We held that, by bringing a personal injury action, the "[p]laintiff impliedly waived her physician-patient privilege as to medical records causally or historically related to her 'great pain of body and mind.'" *Id.* at 35, 693 S.E.2d at 181.

Here, as in *Midkiff*, plaintiff brought a personal injury action against defendants alleging that he "has suffered and will continue to suffer pain of body and mind." Therefore, pursuant to our holding in *Midkiff*, plaintiff in the case *sub judice* impliedly has waived his physician-patient privilege. *See id.*

Furthermore, the trial court heard Wheatley's and plaintiff's arguments regarding production of documents, and no evidence suggests that the court's decision was "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Id.* at 35, 693 S.E.2d at 176 (citing *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)). Accordingly, we hold that plaintiff impliedly waived his physician-patient privilege, and the trial court did not abuse its discretion.

Additionally, when the privilege has been waived, there is no need to determine whether disclosure is necessary for the proper administration of justice. Therefore, "[b]ecause we have held that [p]laintiff impliedly waived [his] privilege with respect to these records, we need not address this issue." *Id.* at 36, 693 S.E.2d at 182, (citing *Sims v. Insurance Co.*, 257 N.C. 32, 38, 123 S.E.2d 326, 331 (1962)).

[2] Next, plaintiff argues that the trial court abused its discretion in refusing to review the medical records he argues were privileged *in camera* before granting Wheatley's motion to compel production of the records. We disagree.

"The decision to conduct *in camera* review rests 'in the sound discretion of the trial court.'" *Id.* at 35, 693 S.E.2d at 181 (quoting *Spangler v. Olchowski*, 187 N.C. App. 684, 693, 654 S.E.2d 507, 514 (2007)). Pursuant to North Carolina General Statutes, section 1A-1, Rule 26, "[p]arties may obtain discovery regarding *any* matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (2009). We already have established that plaintiff waived his privilege, and, therefore, we must determine whether the information was relevant.

The test of relevance for discovery purposes only requires that information be "reasonably calculated to lead to the discovery of admissible evidence[.]" N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (2009). We believe that the discovery of plaintiff's past medical history is relevant. The information sought may assist in determining, *inter alia,* whether the accident in question was a proximate cause of plaintiff's injury or whether plaintiff's injuries are the result of a preexisting condition.

In *Midkiff,* we discussed the trial court's refusal to review the requested discovery *in camera* prior to its production to the defendant. *Midkiff,* 204 N.C. App. at 35-36, 693 S.E.2d at 181-82. We held that the trial court did not abuse its discretion by refusing to review the documents *in camera* for two reasons. *Id.* at 36, 693, S.E.2d at 182. First, the trial court would not know what sort of evidence may be developed later or what kind of issues might come up within either party's case. *Id.* at 35, 693 S.E.2d at 181. Second, irrelevant information may be excluded at trial pursuant to our Rules of Evidence. *See* N.C. Gen. Stat. § 8C-1, Rule 401, *et seq.* (2009). Because this information is not privileged and is relevant to the subject matter, and because the trial court's decision is bolstered by bases already held to be legitimate, we hold that the trial court did not abuse its discretion by refusing to review plaintiff's records *in camera.*

[3] With respect to plaintiff's second main argument on appeal, plaintiff contends that the trial court abused its discretion by ordering him to produce medical records and information that were not in his possession, custody, or control. We disagree.

Rule 34 of the North Carolina Rules of Civil Procedure permits a party to request that any other party produce documents "within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." N.C. Gen. Stat. § 1A-1, Rule 34(a) (2009). " '[D]ocuments are deemed to be within the possession, custody or control of a party for purposes of Rule 34 if the party has actual possession, custody or control of the materials *or has the legal right to obtain the documents on demand.*' " *Pugh v. Pugh,* 113 N.C. App. 375, 380-81, 438 S.E.2d 214, 218 (1994) (quoting *Resolution Trust Corp. v. Deloitte & Touche,* 145 F.R.D. 108, 110 (D. Colo. 1992)) (emphasis added).

In this case, plaintiff has the legal right to obtain his medical records. Plaintiff contends that accessing records may be difficult from medical providers that are neither a party to this action or not

**LOWD v. REYNOLDS**

[205 N.C. App. 208 (2010)]

located within the state. Although this may be true, plaintiff has the right to obtain his medical records upon request pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"). *See* 45 C.F.R. §§ 164.502(a)(2)(I), 164.524(a)(1) (2009). Furthermore, Wheatley's offer to obtain the medical records on plaintiff's behalf and at Wheatley's expense eliminates any legitimacy to plaintiff's perceived difficulty. Because plaintiff has a legal right to his medical records, they are considered to be within his "possession, custody or control" pursuant to our prior interpretation of Rule 34 of the North Carolina Rules of Civil Procedure, and the trial court did not abuse its discretion by compelling the production of such records. *See Pugh*, 113 N.C. App. at 380-81, 438 S.E.2d at 218.

For the foregoing reasons, we affirm the trial court's order compelling discovery of plaintiff's medical records.

Affirmed.

Chief Judge MARTIN and Judge ERVIN concur.