MURPHY, Judge.
 

 *587
 
 The trial court abused its discretion by granting a motion to quash a subpoena under Rule 45(c)(3)(b) of the North Carolina Rules of Civil Procedure when it failed to review an outside contract that allegedly protected the information sought under the subpoena and granted the motion solely on the basis of the moving party's assertion that the contract protected the information. We reverse and remand for further proceedings.
 

 BACKGROUND
 

 Plaintiffs, Cortney Taylor and Calista Burton Taylor ("the Taylors"), brought several claims in a medical malpractice action in West
 
 *588
 
 Virginia against numerous Defendants,
 
 *242
 
 including BestPractices, Inc. ("BestPractices"). BestPractices provided "emergency and hospitalist staffing and management solutions to hospitals and healthcare institutions." When the events underlying the Taylors' medical malpractice action occurred, Daniel G. Kirkpatrick ("Kirkpatrick") was then employed in a corporate position by BestPractices, and subsequently EmCare, Inc. ("EmCare") following its acquisition of BestPractices. In his role as Vice-President of Operations, Kirkpatrick "worked with the financial team with emphasis on business and financial aspects of the company's operations."
 

 Kirkpatrick was not a party to the civil action against Best Practices and other Defendants; however, on 21 September 2017, the Nash County Superior Court
 
 [1]
 
 issued a subpoena ordering Kirkpatrick to appear and testify at a deposition and produce various documents related to his employment with Best Practices and, later, EmCare. Kirkpatrick's deposition was scheduled to take place on 16 October 2017. That morning, Kirkpatrick filed a
 
 Motion to Quash Subpoena
 
 in Nash County Superior Court. Kirkpatrick claimed that, when he ended his employment with EmCare in 2013, he signed a separation agreement that "precluded him from disclosing non-public information acquired by virtue of his employment." As such, Kirkpatrick argued the subpoena should be quashed under Rule 45(c)(3)(b) of the North Carolina Rules of Civil Procedure, as it required disclosure of privileged or other protected matter and that no exception or waiver applied to the privilege or protection.
 

 The sole document attached in support of Kirkpatrick's motion to quash was his own affidavit, attempting to serve as parol evidence of the alleged agreement. It stated, in relevant part:
 

 15. At the time of execution, it was my understanding and expectation that the Separation Agreement precluded me from disclosing any and all information that I acquired by virtue of my employment with BestPractices or EmCare which was not otherwise available to third parties.
 

 16. At the time of execution of my Separation Agreement, it was my understanding and expectation that the contents of the document itself were confidential.
 

 *589
 
 17. At the time of execution, it was my understanding and expectation that the obligation to maintain confidentiality of proprietary information and the contents of the Separation Agreement survived the general term of the Separation Agreement and the termination of my employment with EmCare.
 

 The trial court held a hearing on the motion to quash on 2 January 2018. Kirkpatrick's counsel informed the trial court that he had a copy of the separation agreement should the trial court wish to review the agreement and its non-disclosure terms
 
 in camera
 
 . However, the trial court did not review the separation agreement and later issued its order on 23 February 2018 granting the motion to quash pursuant to Rule 45(c)(3) and (5). The Taylors timely appeal.
 

 ANALYSIS
 

 The Taylors argue the trial court abused its discretion in granting the motion to quash. Specifically, they argue the trial court abused its discretion by determining Kirkpatrick's separation agreement with EmCare rendered the information sought under the subpoena non-discoverable solely on the basis of Kirkpatrick's affidavit. We agree.
 

 "When reviewing a trial court's ruling on a discovery issue, [we] review[ ] the order of the trial court for an abuse of discretion."
 
 Midkiff v. Compton
 
 ,
 
 204 N.C. App. 21
 
 , 24,
 
 693 S.E.2d 172
 
 , 175,
 
 cert. denied
 
 ,
 
 364 N.C. 326
 
 ,
 
 700 S.E.2d 922
 
 (2010). Abuse of discretion occurs upon a showing that the trial court's ruling "was manifestly unsupported by reason and could not have been the result of a reasoned decision."
 

 *243
 

 Friday Investments, LLC v. Bally Total Fitness of the Mid-Atlantic, Inc.
 
 ,
 
 370 N.C. 235
 
 , 241,
 
 805 S.E.2d 664
 
 , 669 (2017) (citation and internal quotation marks omitted).
 

 Rule 45 of the North Carolina Rules of Civil Procedure requires the trial court to "quash or modify the subpoena if the subpoenaed person demonstrates the existence of any of the reasons set forth in subdivision (3) of this subsection." N.C.G.S. § 1A-1, Rule 45(c)(5) (2017). Rule 45(c)(3) states in relevant part:
 

 (3) Written objection to subpoenas. - ... Each of the following grounds may be sufficient for objecting to a subpoena:
 

 *590
 
 (b) The subpoena requires disclosure of privileged or other protected matter and no exception or waiver applies to the privilege or protection.
 

 N.C.G.S. § 1A-1, Rule 45(c)(3)(b) (2017).
 
 [2]
 

 We have not directly addressed what a party objecting to a subpoena under Rule 45(c)(3)(b) must show or what the trial court must review in a situation where the movant is claiming that the subpoena requires disclosure of matters protected by an outside contract, if ever possible. In the discovery setting, generally, "[t]he decision to conduct
 
 in camera
 
 review rests in the sound discretion of the trial court."
 
 Lowd v. Reynolds
 
 ,
 
 205 N.C. App. 208
 
 , 213,
 
 695 S.E.2d 479
 
 , 483 (2010) (citation and internal quotation marks omitted). Thus, the trial court is not required to conduct an
 
 in camera
 
 review in all circumstances involving allegedly privileged documents. However, our caselaw makes clear that mere assertions of the existence of a privilege or protection, without more, do not establish such.
 

 In
 
 Miles v. Martin
 
 ,
 
 147 N.C. App. 255
 
 ,
 
 555 S.E.2d 361
 
 (2001), we addressed the burden of a party seeking to assert the recognized attorney-client privilege in response to a motion to compel documents. We noted that "[m]ere assertions by a party or its attorneys" of the existence of the attorney-client privilege is insufficient to establish the attorney-client privilege.
 
 Id.
 
 at 260,
 
 555 S.E.2d at 364
 
 (citation, alterations, and internal quotation marks omitted). We held, "the party asserting the privilege can only meet its burden by providing some
 
 objective
 
 indicia that the exception is applicable under the circumstances."
 
 Id.
 
 at 259-60,
 
 555 S.E.2d at 364
 
 (citation and internal quotation marks omitted) (emphasis in original). We believe the same showing of objective indicia is required when a movant objects to a subpoena under Rule 45(c)(3)(b) by asserting that the subpoena requires disclosure of matters alleged to be privileged or protected by an outside contract and that no exception or waiver applies to the privilege or protection. To hold otherwise would allow a party to invoke Rule 45(c)(3)(b) with a "mere utterance" of privilege or protection.
 
 See
 

 Multimedia Pub'g of N.C., Inc. v. Henderson County
 
 ,
 
 136 N.C. App. 567
 
 , 576,
 
 525 S.E.2d 786
 
 , 792 (2000).
 

 Here, the trial court did not conduct an
 
 in camera
 
 review of the separation agreement between Kirkpatrick and EmCare, and the contents of the agreement were never disclosed to the trial court. The trial court
 
 *591
 
 thus based its decision to grant the motion to quash solely on the affidavit Kirkpatrick submitted in support of his motion. Of course, affidavits may be used in demonstrating the existence of a privilege or protection.
 
 See
 

 Estate of Ray v. Forgy
 
 ,
 
 245 N.C. App. 430
 
 , 441-42,
 
 783 S.E.2d 1
 
 , 9 (2016). Kirkpatrick's affidavit, however, did not demonstrate objective indicia that the separation agreement protected the information to be disclosed under the subpoena.
 

 Kirkpatrick provided no testimony in his affidavit about the content of the separation agreement, claiming, "It was my understanding and expectation that the contents of the separation agreement itself would be confidential." There was no showing before the trial court regarding the content of the separation agreement, its specific terms, its scope, the intent of the agreement, or how such language would be privileged beyond the contracting parties' desire for it be so. Instead, the only showing Kirkpatrick made as to the separation agreement's applicability to the information sought under the subpoena
 
 *244
 
 was his "
 
 understanding and expectation
 
 " that the separation agreement would preclude employees from disclosing any and all information acquired by virtue of their employment.
 

 A party's personal interpretation of what a contract precludes without any showing as to the actual contents of the contract is not objective indicia, nor is it a sound legal basis for a privilege. It is the functional equivalent of a mere allegation.
 
 See
 

 Hammond v. Saini
 
 ,
 
 367 N.C. 607
 
 , 611,
 
 766 S.E.2d 590
 
 , 592 (2014) ("Instead, the affidavit merely recites the language of the statute and offers the conclusory assurance that each requirement has been satisfied."). To allow a party's motion to quash under Rule 45(c)(3)(b) based only upon his or her claim that the mere existence of a contract protects information to be disclosed, without more, would be to allow a party's incantation of protection as an "abracadabra to which [we] must defer judgment."
 
 See
 

 Multimedia Pub'g of N.C., Inc.
 
 ,
 
 136 N.C. App. at 576
 
 ,
 
 525 S.E.2d at 792
 
 (quoting
 
 MacLennan v. American Airlines, Inc.
 
 ,
 
 440 F. Supp. 466
 
 , 472 (E.D. Va. 1977).
 

 Kirkpatrick cites a line of cases where we have held the trial court did not abuse its discretion in failing to review documents sought to be discovered
 
 in camera
 
 , arguing a similar outcome is required here.
 
 Midkiff v. Compton
 
 ,
 
 204 N.C. App. 21
 
 ,
 
 693 S.E.2d 172
 
 ,
 
 cert. denied
 
 ,
 
 364 N.C. 326
 
 ,
 
 700 S.E.2d 922
 
 (2010) ;
 
 Lowd v. Reynolds
 
 ,
 
 205 N.C. App. 208
 
 ,
 
 695 S.E.2d 479
 
 (2010) ;
 
 State v. Love
 
 ,
 
 100 N.C. App. 226
 
 ,
 
 395 S.E.2d 429
 
 (1990). The question before us in those cases, however, is not that which is before us here.
 

 *592
 
 In
 
 Midkiff
 
 , for example, the plaintiff had waived the physician-patient privilege, a legally recognized privilege, and was challenging the trial court's failure to conduct an
 
 in camera
 
 review "to prevent disclosure of
 
 irrelevant
 
 or causally
 
 unrelated
 
 evidence."
 
 Midkiff
 
 ,
 
 204 N.C. App. at 35
 
 ,
 
 693 S.E.2d at 181
 
 (emphasis added);
 
 see also
 

 Lowd
 
 ,
 
 205 N.C. App. at 213-14
 
 ,
 
 695 S.E.2d at
 
 483-84 (citing the rationale in
 
 Midkiff
 
 for why the trial court did not abuse its discretion in refusing to review the documents for relevancy). In
 
 Love
 
 , we stated, "there is no requirement that a trial court review the
 
 records and files
 
 of non-parties sought pursuant to a subpoena
 
 duces tecum
 
 prior to quashing ...."
 
 Love
 
 ,
 
 100 N.C. App. at 231
 
 ,
 
 395 S.E.2d at 432
 
 (emphasis added). The question before us in those cases was, therefore, whether the trial court abused its discretion in failing to: (1) review the documents sought under the subpoena (2) for their relevancy. Neither is the issue before us. Here, the trial court was not ruling on the relevancy of actual documents sought under the subpoena, but, rather, whether an outside contract rendered these documents protected. Defendant's citation to these holdings and his subsequent argument is misplaced.
 

 Accordingly, the trial court abused its discretion in granting Kirkpatrick's motion to quash pursuant to Rule 45(c)(3)(b) solely on the basis of Kirkpatrick's affidavit containing no more than mere allegations that the separation agreement as an outside contract protected the information sought under the subpoena. We need not address the Taylors' remaining alternative arguments or whether such a private agreement can create such a privilege or protection.
 

 CONCLUSION
 

 Kirkpatrick's affidavit contained no more than mere allegations that the separation agreement protected the information sought under the subpoena and thus provided no objective indicia that this separation agreement protected the information. The trial court, without reviewing the contents of the separation agreement, abused its discretion in granting the motion to quash pursuant to Rule 45(c)(3)(b) solely on this basis. We reverse and remand to the trial court for further proceedings on the motion to quash not inconsistent with this opinion.
 

 REVERSED AND REMANDED.
 

 Judges DILLON and ARROWOOD concur.
 

 [1]
 

 While the underlying civil action was filed and ongoing in West Virginia, Kirkpatrick was a resident of Nash County.
 

 [2]
 

 Rule 45(c)(3)(b) is the only ground under subsection (3) under which Kirkpatrick objected to the subpoena.